DANIEL KINGERY

*v.*

JOSHUA BERRY.

1. PRESERVING EVIDENCE—*presumption in contested election case.* On appeal from the judgment of a county court, in a statutory proceeding to contest the alleged election of a person as commissioner of highways, it is not the rule that the judgment will be presumed to have been sustained by the proofs unless the bill of exceptions purports to contain all the evidence, but the proceeding is to be regarded as in the nature of a chancery proceeding, and the rule in chancery should apply, that, to uphold the decree, it must appear from the record that it is supported by the proofs.

2. CONTESTED ELECTION—*weight of evidence—improper handling of ballots.* Upon the contest of an election in respect to the number of votes cast for the candidates, respectively, where there is a disagreement as to the result between the poll books, tally lists, and certificate of the result of the canvass by the election officers entered in the poll books, supported by the testimony of those officers on the one side, and the ballots themselves on the other side, ordinarily the ballots are the better evidence, and control.

3. But where it is shown the ballots have been improperly handled by the contestant, out of the presence of the other party or of the election officers, and under circumstances rendering it possible for them to have been tampered with, the ballots, by reason of such intermeddling, will lose their value as evidence, and will not prevail as against the result shown by the poll books, the tally lists, and certificate of the result of the canvass of the votes by the election officers, supported by the testimony of such officers.

4. In this case, after the canvass of the votes given at an election, and the result announced, and the ballots placed in the custody of the officer appointed by law for that purpose, that officer, together with several other persons, including the candidate adversely to whom the result had been announced, out

of the presence of the other party and of the election officers, opened the ballot-box and handled the ballots,—they took the ballots out of the ballot-box, unstrung them from the thread they were on, upon a table in a pile,—then put them back in the box and counted them, and strung them again. In a proceeding to contest the election, subsequently instituted by the party against whom the result had been found, on the allegation that he had received more votes than his competitor, it was held these ballots could not be counted in favor of the contestant and as controlling the result shown by the poll books, tally lists, and certificate of the result of the canvass by the proper officers, supported by the testimony of those officers, and this, notwithstanding there was no evidence the ballots had been tampered with or altered, and that those of the persons who had so handled the ballots, who were examined, testified they had no knowledge of any change being made in them, and thought they would have known if such a thing had been done. The ballots lost their value as evidence solely upon the ground of the improper and unlawful handling of them by the contestant, under the circumstances mentioned.

APPEAL from the County Court of Cumberland county

Mr. N. L. SCRANTON, for the appellant:

The law is, that this class of cases shall be governed by the rules of chancery practice, and the defendant had a right to have his evidence taken in writing by deposition or otherwise, and was entitled to time to take the same. *Dale* v. *Erwin,* 78 Ill. 171.

The court erred in receiving in evidence the ballots after they had been tampered with in the absence of Kingery, and in refusing a change of venue.

The order or finding of the court in this case, from the facts shown by the record, is erroneous. McCrary Am. Law of Elections, side pages 277, 279, 280; *Gooding* v. *Wilson,* 42 Congress; *Butler* v. *Lehman,* 1 Bart. 354; *Kline* v. *Verree,* id. 381; *Archer* v. *Allen,* id. 169; *Kansas case,* 2 Parsons, 599; *Thompson* v. *Ewing,* 1 Brewst. 67-97.

Messrs. BREWER & SON, and Messrs. GREEN & WOODS, for appellee :

The court did not err in not granting appellant's motion to take the evidence in writing, for the appellant gave no notice

that he desired to take it in writing, nor did he make his application for the same until the cause was set down for hearing and the trial had commenced.

Mr. E. CALLAHAN, also for the appellee:

There is no evidence preserved in the record from which the court can determine whether the court below did or did not err in its judgment against appellant. The paper copied as a bill of exceptions is not certified by the judge to contain evidence in this case. The judge makes no certificate in regard to it whatever. Unless a bill of exceptions states that it contains all the evidence in the case, the presumption is that there was sufficient evidence to sustain the finding of the court below. *Trustees* v. *Lefler*, 23 Ill. 90; *Ottawa Gas Light and Coke Co.* v. *Graham*, 35 id. 346; *Peoria, etc. R. R. Co.* v. *McIntyre*, 39 id. 298; *Illinois Central Railroad Co.* v. *Garish*, 39 id. 370; *Board of Trustees, etc.* v. *Meisenheimer*, 89 id. 370.

Then again, the paper purporting to be a bill of exceptions was never sealed by the judge of the court below. Under our statute it is the duty of the judge to allow exceptions, and sign and *seal* the same, and the exceptions thereupon become a part of the record of the case. Rev. Stat. 1874, page 782, sec. 60.

When there is no seal to a bill of exceptions, this court will not look into it to see if there is error. *Miller* v. *Jenkins*, 44 Ill. 443.

There being no bill of exceptions in this record, the appellant's motion for a change of venue and his excepting to the refusal to grant the same, are out of the case. *Phillips* v. *The People*, 88 Ill. 160.

The jurisdiction of the county court to try a contested election, at any term, is unquestionable. It is the "county court" that is vested with "jurisdiction in all matters of probate," etc., (Constitution, article 6, sec. 18,) and it is the county court that "shall hear and determine contests of elec-

tion of all other county, township and precinct officers," etc.
Rev. Stat. 1874, page 464, sec. 98.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a proceeding by petition under the statute, brought
by Joshua Berry, in the county court of Cumberland county,
to contest the alleged election of Daniel Kingery to the office
of commissioner of highways in the town of Woodbury, in
said county, at the annual April election, A. D. 1879.

The canvass of the votes, as made by the judges and clerks
of election, upon the closing of the polls gave Kingery 70
and Berry 68 votes, electing Kingery by two majority.

The county court, upon the hearing, found that the peti-
tioner, Berry, received at the election 71 votes, and the defend-
ant, Kingery, 66 votes, and adjudged accordingly that Berry
was elected. Kingery appeals to this court.

As the bill of exceptions does not purport to contain all
the evidence in the case, it is objected by appellee that there
should be no review by this court of the finding of the court
below upon the facts, but that it should be held correct, the
presumption being that there was sufficient evidence to sustain
the finding, as has been repeatedly ruled by this court.

We are of opinion that this proceeding, under the statute
regulating it, is in the nature of a chancery proceeding, and
that the rule in chancery practice should be applied here, that
to uphold the decree it must appear from the record that it is
supported by the proofs.

It appears in evidence that some twenty days after the
election, the town clerk, in whose keeping the ballot-box was
entrusted, with eleven other persons, one of whom was this
petitioner, acting with him, opened the ballot-box and handled
the ballots,—that they took the ballots out of the ballot-box,
unstrung them from the thread they were on, upon a table in
a pile, then put them back in the box and counted them out
and strung them again. This was done wrongfully, without
any authority whatever. Appellant, Kingery, was not present,

nor any of the judges or clerks of the election, neither did either of them have any notice of the proceeding.

The statute in regard to the preservation of the ballots at an election is very strict, requiring them to be carefully enveloped and sealed up by the judges of election and delivered to the officer who is charged to keep them, and that such officer shall carefully preserve the ballots for six months, and at the expiration of that time shall destroy them by burning, without the package being previously opened, provided that if there shall be any contest of election pending they shall not be destroyed till it is determined; and that in cases of such contest the parties contesting shall have the right to have the package of ballots opened and the ballots referred to by witnesses. The opening of the package of ballots was for no such purpose as above provided, and was some time before the commencement of this proceeding.

Six of the persons present at the occasion were examined as witnesses, and testify that they did not know of any change or alteration of the ballots, and think they would have known it had there been; still they admit there might have been such change or alteration. The six others were not witnesses in the case.

All the judges and clerks of the election testified that the canvass made by them was correct, and that the ballots cast and canvassed by them showed the election of appellant by two majority, there being 70 votes for him and 68 for appellee. The poll-books and tally-lists in evidence showed that appellant received 70 votes and appellee 68. There was no distinct evidence what the ballots did show. This, with the examination of the ballots by the court, was substantially all the evidence appearing in the case.

The final order recites: "And the court, after hearing the evidence and examining the ballots or tickets, poll-books and tally-lists used and kept in said election offered in evidence, doth find that at said election the petitioner received 71 votes and the defendant 66 votes."

To have warranted such a finding by the court the ballots must have shown, differently from what the poll-books, tally-lists and certificate of the result of the canvass did, ·that appellee was elected, and the ballots must have been accepted as the best evidence in the matter. Ordinarily they are the best evidence. When we have before us the very ballots that were cast by the, voters, as between the ballots themselves and a canvass of the ballots made by the election officers, the ballots are controlling. But here the court was not sure that it had before it the identical and unaltered ballots which were deposited by the voters. There had been an unlawful inter-meddling by appellee, and others in conjunction with him, with the ballot-box, and a handling of the ballots, affording an opportunity for the change and alteration of ballots. The ballots may have been tampered with. There is not full proof that they were not. There was a motive for such tampering, at least on the part of appellee, if not the others engaged with him. The wrong-doer should not be allowed to profit by his violation of the sanctity of the ballot-box. He might do so were these ballots to be received and accredited as the identical ones cast by the voters.

Upon this subject the Supreme Court of Kansas lay down the following rule: In order to continue the ballots con-trolling as·evidence, it must appear that they have been pre-served in the manner and by the officers prescribed in the statute, and that while in such custody they have not been so exposed to the reach of unauthorized persons as to afford a reasonable probability of their having been changed or tam-pered with. *Hudson* v. *Solomon,* 19 Kansas, 177, and see Cooley Const. Lim. 625.

It will be salutary to adopt such rule as will not lend en-couragement to the repetition of such practice with the ballot-box as this case discloses.

The intermeddling with the ballots here has brought sus-picion upon their purity, sufficient, in our view, to discredit their character as the best evidence; and we think, under the

circumstances of this case, that as between the ballots examined by the court, and the poll-books, tally-lists and certificate of the result of the canvass by the election officers, entered in the poll-books as required by law, supported as they here are by the testimony of said officers, the latter should be taken as the better evidence of the result of the election, and should control.

The judgment is reversed and the cause remanded.

*Judgment reversed.*