### THOMAS MOORE

*v.*

### PATRICK TIERNEY.

*Filed at Ottawa September 26, 1881.*

1. STATUTE—*Practice act does not apply to chancery cases.* No part of the "Act in regard to practice in courts of record," (ch. 110, Rev. Stat. 1874,) has any reference to the mode of procedure in chancery cases, except in so far as the language, expressly or by clear implication, refers to such procedure. That is regulated by the act relating to courts of chancery, except so far as is otherwise expressly enacted, or is necessarily implied by subsequent legislation.

2. PRACTICE—*Supreme Court reviews questions of fact in chancery cases.* The amendment of section 88 of the Practice act, in 1879, by which the class of cases which might be brought directly to this court was changed so as to exclude criminal cases below the grade of felony from the enumeration, and so as to add to the enumeration cases in which the construction of the constitution is involved, and cases relating to the revenue, or in which the State is interested, has no effect upon the consideration of questions of fact in chancery cases, there never having been any legislation on that subject in either sections 88 or 89 of that act.

3. SAME—*former decisions.* In *Gravett et al.* v. *Davis,* 92 Ill. 191, and *Morris* v. *Preston,* 93 Ill. 219, "cases in chancery" are recognized as being among the cases referred to in sec. 89 of the Practice act as "enumerated in sec. 88" of that act before its amendment in 1879, in considering in what cases the Supreme Court might review controverted questions of fact. But both those cases were actions at law, so that all that was really adjudged was that the cases in hand were not enumerated in sec. 88.

4. PRACTICE IN SUPREME COURT—*as to reviewing questions of fact.* It has always been the practice of this court, in reviewing cases in chancery, to examine and determine for itself the truth as to controverted questions of fact from the evidence in the record, and its duty to do so has not been changed by section 89 of the Practice act, or any other legislation.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Messrs. GOUDY & CHANDLER, for the appellant.

Mr. E. S. WILLIAMS, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

Moore had loaned to Hageman money to be used in the construction of houses upon lots owned by Hageman. This loan was secured upon the lots to be improved. Tierney did work and furnished materials relating to the plastering of the houses, and under our statute became entitled to a mechanic's lien for the same, subject to Moore's mortgage lien for the money lent, unless he has waived it.

This suit is a bill brought by Moore, alleging, in substance, that before the buildings were completed it was found that the original loan was not sufficient to pay for the completion of the buildings, and that thereupon, to induce Moore to make a further loan to Hageman, the several mechanics to whom money was due by Hageman for work and materials, and Tierney among the number, agreed to waive their liens, to the end that Hageman might give Moore a second mortgage to secure a second loan of some $10,000, which should not be subordinate to their respective claims for mechanic's liens. A second loan was made, and this bill is by Moore to foreclose his securities upon these houses and lots, claiming that his liens are superior to all other claims upon the property.

Tierney claims that he never did agree to waive his right to a mechanic's lien, and having answered, filed a cross-petition to enforce his lien as a mechanic, under the statute.

The circuit court, on hearing, decided this dispute in favor of Tierney. Moore appealed to the Appellate Court, and there the decree of the circuit court was, on hearing, affirmed, and from that judgment Moore appeals to this court, insisting that the proofs in the record sustain his version of the facts.

Appellee insists that since the act of 1879, amending section 88, which was added to the Practice act in 1877, mere questions of fact can not be considered in this court in the

determination of chancery cases. We all agree in holding that this position is not tenable. The practice in cases in chancery was regulated by an act approved March 15, 1872, entitled "An act to regulate the practice in courts of chancery," (found in ch. 22, Rev. Stat. 1874.) The practice in cases at law was regulated by an act approved February 22, 1872, entitled "An act in regard to practice in courts of record," (found in ch. 110, Rev. Stat. 1874.)

On June 2, 1877, an act establishing the inferior appellate courts, mentioned in the constitution, was approved. By that act the jurisdiction of Appellate Courts was defined, and such courts were authorized, among other things, to decide appeals and writs of error "in any suit in chancery," and in certain of such suits cases could be taken by appeal or writ of error from an Appellate Court to the Supreme Court, and in other such cases the decision of the Appellate Court was made final. (Laws of 1877, p. 75 *et seq.*) On the same day an act was approved amending several sections of the Practice act, *supra,* of February 22, 1872, and adding thereto five new sections, to be numbered consecutively from 87 to 91, inclusive. Section 89, thus added, is in these words: "The Supreme Court shall reëxamine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Courts upon controverted questions of fact in any case, excepting those *enumerated* in the *preceding section.*"

The "preceding section" (88) here referred to provided that appeals and writs of error, upon the election of the party appealing or prosecuting such writ of error, shall be taken directly to the Supreme Court "in all criminal cases, and cases in which a franchise, or freehold, or the validity of a statute is involved, excepting in chancery cases," and in all cases in chancery determined in the Appellate Court the mode

of bringing the record before the Supreme Court was pointed out.

The construction of the language of these two sections became the subject of discussion in several cases, and the question whether chancery cases were to be considered one of the classes of cases mentioned in section 89 as those "enumerated" in section 88, was alluded to or spoken of, and opinions expressed incidentally and by way of argument in several instances in cases at law. In all these cases the view taken seems to have been that the decision of the Appellate Court on questions of fact in chancery was not made final by section 89, so as to preclude review in this court. In some cases that conclusion was placed upon the ground that chancery cases are among the classes "enumerated" in section 88, and hence excepted from the provisions of section 89, and in others a like conclusion was placed upon the ground that these sections, 88 and 89 of the Practice act, have no reference whatever to the practice in chancery cases. So, in *Wallace et al.* v. *Goold*, 91 Ill. 17, it is said that section 88 "enumerates criminal cases, and cases in which a franchise, or freehold, or the validity of a statute is involved," and hence it was held that the enumeration did not embrace that case, which was an action of assumpsit upon a guaranty of the payment of a promissory note. In this statement of the classes of cases "enumerated," chancery cases are not mentioned, and would seem to have been considered as not embraced in the enumeration. Again, in *Wabash Railway Co.* v. *Henks*, (in same volume, page 409,) which was an action at law for a personal injury to appellee of a collision of appellant's train, the enumeration referred to in these sections is said to embrace "criminal cases, and cases involving a franchise, or a freehold, or the validity of a statute," thus by implication saying that chancery cases are not embraced in the "enumeration." But in *Gravett et al.* v. *Davis*, 92 Ill. 191, which was an action of assumpsit, it is said we are pro-

hibited from reëxamining questions of fact under section 89 of the Practice act, "except in criminal cases and cases involving a freehold, or a franchise, or the validity of a statute, *and in cases in chancery*," and so it was held the questions of fact could not be reviewed in that case. And again, in *Morris* v. *Preston*, 93 Ill. 219, which was an action of replevin for certain promissory notes, wherein this court held that the findings as to facts could not be reviewed in this court, it was again said, "the enumerated cases in the 88th section are criminal cases, and cases involving a franchise, or freehold, or the validity of a statute, and *cases in chancery*." All these cases were actions at law, and in them the question as to cases in chancery did not come in judgment. In each of these cases it was adjudged simply that the case in hand was not enumerated in section 88, or excepted from the provisions of section 89.

In *Fanning* v. *Russell*, 94 Ill. 386, we have the first reported case wherein the question of the true practice in chancery cases came in judgment, and it was there *decided* that section 89 had no application to cases in chancery. It is there said: "Since this cause was submitted, the sections of the Practice act cited have been subjects of construction by this court, and it has been held they have no application to chancery cases, and it is now, as was the former practice, the duty of this court to review the evidence as to facts found which constitute the basis of the decree." It must be that this question had been passed upon in cases which went off upon motion, and were never reported. And in *J. and C. R. R. Co.* v. *Healy et al.* 416 of same volume, which was a chancery case, a like decision was made, and the same view repeated. After this, in *Brant* v. *Lill*, 96 Ill. 610, the enumerated cases referred to in section 89 are said to be "criminal cases, cases in which a franchise, a freehold, or the validity of a statute is involved," thus omitting from the enumeration chancery cases.

The writer of this opinion entertains the view that section 89 in the amendments of the Practice act, adopted in 1877, was never intended to apply to chancery cases at all, and that such cases form no part of the enumerated cases in section 88; that such cases are mentioned in that section, not as embraced in the enumeration, but solely for the purpose of being expressly excluded from the enumeration, and in this view a majority of this court concur.

By the usage of appellate courts of general jurisdiction, in England and America, it has ever been held, in the absence of express statutes to the contrary, that the findings of inferior courts in chancery cases are open to review in the higher courts. Such courts have, from time immemorial, always proceeded in such cases to examine and determine for themselves the truth as to controverted questions of fact, and this, generally, from a consideration of the evidence found in the record. While in criminal cases and in civil cases at law it had never been the usage of courts having appellate powers to examine evidence as to the facts of the case, except in cases where some statute expressly required that this should be done, in criminal cases and civil cases at law the facts to be considered were those appearing of record, as confessed by the pleadings, or found by the verdict. Prior to 1837 such was the law of this State. The same rules prevailed in this court, on that class of questions, which now prevail and have ever prevailed in the Supreme Court of the United States. In 1837 a statute of this State was passed requiring the Supreme Court to review the decisions of circuit courts in refusing to grant new trials in law cases. Like provisions were enacted as to criminal cases. To enable this court to exercise that power in a criminal case, or in an action at law, it became necessary to preserve all the evidence in the case by bill of exceptions. Out of this necessity sprang the voluminous records in these cases with which this court had been burdened for forty years.

It was conceived that the object of this section 89 was to relieve this court, in some degree, from the great labor which had so long been imposed upon this court by reason of this statute as to new trials in criminal cases and cases at law, and to provide that in such cases this labor should not be thereafter required, except in criminal cases; and in cases at law involving a freehold or franchise, the validity of a statute, or the construction of the constitution. This seeming to be the object of this section 89, and it being an amendment of a statute relating to law cases alone, except in certain provisions where other classes of cases were specifically referred to, it was ever held, where the question came in judgment under the act of 1877, that it was the duty of this court, in reviewing chancery cases, to consider the whole record,—the evidence as well as the law arising upon the facts found to be proven.

If this view of the subject be correct, it is plain that the amendment of this section 88 by the act of 1879, by which the class of cases which may be brought directly to this court was changed so as to exclude criminal cases below the grade of felony from the enumeration, and so as to add to the enumeration cases in which the construction of the constitution is involved, and cases relating to the revenue, or in which the State is interested, can not have the slightest effect upon the question of the consideration of questions of fact in chancery cases; for there never was, properly speaking, any legislation on that subject in either section 88 or section 89.

We all think that under the law, as it now stands, questions of fact arising in chancery cases are open to the consideration of this court, whether brought here for review from an Appellate Court or from a court of original jurisdiction. We have therefore found it our duty to examine carefully all the proofs in the record. We find on the main questions of fact in dispute in this case the weight of the testimony on each side so nearly balanced, that we can find no sufficient ground

to say that the circuit court erred in its conclusions as to the facts.

The judgment of the Appellate Court affirming the decree of the circuit court is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: I concur in holding that under the rules of chancery practice this court may, in such case, review the facts, until prohibited by enactment. But I hold that the General Assembly, by embracing chancery cases in the enumeration in section 88, as first adopted, did so to exclude all doubt that facts should be examined in such cases; but the intention does not appear by the amendatory act to prohibit their consideration.