JAMES W. CAVANAUGH

*v.*

WILLIAM McCONOCHIE.

*Filed at Ottawa October 31, 1890.*

CONTESTED ELECTION—*return term of the summons.* The statute giving a remedy for the contest of an election, declares: "Summons shall issue against the person whose office is contested, and he may be served with process or notified to appear in the same manner as is provided in cases in chancery." The ninth section of the act relating to practice in chancery provides: "Every summons in chancery shall be made returnable to the next term of the court after the date thereof, or the next succeeding term thereafter." So a summons issued out of the county court, in a proceeding to contest an election, made returnable to a term of the court beyond the second term after the teste of the writ, is void.

APPEAL from the County Court of Rock Island county; the Hon. LUCIAN ADAMS, Judge, presiding.

Mr. WILLIAM McEWING, and Mr. IRA O. WILKINSON, for the appellant.

Messrs. SWEENEY & WALKER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

At the municipal election held on April 2, 1889, William McConochie and Frederick Hass were rival candidates for the office of mayor of the city of Rock Island, and on the 5th of that month the returns were duly canvassed, and McConochie, the appellee, declared elected. James W. Cavanaugh, the appellant, a citizen and elector of said city, filed, on the 4th day of May following, with the clerk of the county court of Rock Island county, a petition or statement, in writing, for the purpose of contesting the election of appellee, which petition was entitled of the July term, 1889. The statute provides for three law terms in each year of the county court of said county, beginning on the second Mondays of March, July and November, respectively, (Rev. Stat. 1874, chap. 37, secs. 72, 153,) and for probate terms, commencing on the first Monday of each month in the year. (Laws 1887, p. 162.) On the day the petition was filed, (May 4, 1889,) a summons was issued, returnable "on the second Monday of July next,"—1889. Appellee, on the 8th day of July, 1889, that being the first day of the July law term of said court, limiting his appearance to those purposes only, entered his motions to quash the summons and to dismiss the suit, and thereafter, on the 23d day of that month, the court sustained both of said motions and entered an order quashing said summons, and also an order dismissing the suit, and rendered judgment against appellant for costs, and awarded execution therefor.

The first contention urged by appellant upon this his appeal from the order and judgment of the county court is, that as

the county court is a court of record, section 1 of the Practice act (Rev. Stat. chap. 110, sec. 1) is applicable, and that it provides, in terms, that "the plaintiff may, in any case, have summons made returnable at any term of the court which may be held within three months after the dates thereof," and that as the summons in question was issued and bore date on May 4, 1889, and was returnable to the term of the court commencing July 8, 1889, a time within three months next after such date, it was valid process. We can not concur in this view. In *Dale* v. *Irwin,* 78 Ill. 170, and *Talkington* v. *Turner,* 71 id. 234, it was held that a statutory proceeding to contest an election such as that here involved, whether presented in the circuit or in the county court, is, to all intents and purposes, a chancery proceeding, and subject to all the rules governing such a suit. (See, also, *Kingery* v. *Berry,* 94 Ill. 515.) It has also been decided that the Practice act relates to law cases alone, except in certain provisions where other classes of cases are specifically referred to. (*Moore* v. *Tierney,* 100 Ill. 207; *Fergus et al.* v. *Garden City Manf. Co.* 71 id. 51.) Even if the county court be a court of law, and is not invested with general chancery jurisdiction, yet no reason is perceived why the legislature may not confer upon it, by general law, jurisdiction over a particular subject matter of chancery jurisdiction, or jurisdiction in respect to a statutory proceeding in the nature of a chancery proceeding.

But it is urged, the court being a court of law, and this case one in which legal rights are to be determined and legal remedies applied, the Practice act governs it. Even were the premises conceded, the conclusion does not follow. This is a statutory proceeding, provided for by the act in regard to elections, and the statute which gives the remedy expressly enacts that "summons shall issue against the person whose office is contested, and he may be served with process or notified to appear in the same manner as is provided in cases in chancery." (Rev. Stat. chap. 46, sec. 114.) This language

clearly indicates the legislative intention to be, that summons shall issue against the defendant in the same manner as is provided in cases in chancery. How issue in the same manner as in chancery cases? By turning to the ninth section of the act to regulate the practice in courts of chancery, we find it says, "that every summons in chancery shall be made returnable to the next term of the court after the date thereof, or the next succeeding term thereafter." Manifestly, the rule thus prescribed is very different from that which is laid down in section 1 of the act in regard to practice in courts of record, and a portion of the language of which we have heretofore quoted herein. So, should we assume the correctness of the premises stated by appellant, yet it follows that this statutory proceeding is not in all respects governed by the provisions of what is commonly known as the Practice act, since it can not be denied that the legislature may give a remedy by a particular statute, and direct a mode of procedure therein different from that prescribed by the general law, and that to the extent said law is different from the particular act the latter must control.

In *Kreitz* v. *Behrensmeyer*, 125 Ill. 141, this court construed sections 5 and 7 of the County Court act, (Rev. Stat. 1874, chap. 37, p. 339,) and held that the jurisdiction given by the act, in regard to elections, to the county court, to hear and determine contests of election, was a jurisdiction which fell, under the provisions of said sections, in the category of matters which were to be considered *as* probate matters, and cognizable at the probate terms of the court, and it was decided that the summons which had been issued in that case was properly made returnable to a probate term instead of to a law term. The now contention of appellant in that behalf, as we understand it, is, that as section 6 of the County Court act, as amended in 1887, (see Rev. Stat. 1874, p. 340, and Laws 1887, p. 162,) provides that "all matters cognizable at such probate terms shall also be cognizable at the law terms

of such court," the proceeding, even if it be considered "as a probate matter," is legally cognizable at a law term of the court, and a summons returnable to a law term is a valid process. Appellant's position, as near as we can formulate it, is, that this provision means, that where process has been issued upon a probate matter and returnable to a probate term, and there is due service, so that the court has acquired, at a probate term, jurisdiction of both the subject matter and of the parties, then such probate matter is also cognizable at the law terms of the court, but that the acquirement of such jurisdiction at an antecedent probate term is a condition precedent to the matter being cognizable at a law term, and that therefore a summons in such proceeding returnable to a law term is void.

In the view we take of the case, a determination of the issue thus raised is wholly unnecessary, if not immaterial. A petition, such as this, to contest an election, is primarily within the jurisdiction of the county court at its probate terms, and a summons in such a proceeding is properly returnable to a probate term. There is no jurisdiction of the petition at the law terms, except that given by virtue of its being cognizable at the probate terms. If the position taken by appellee is well taken, then it requires no argument to show that the court below held properly in ruling the summons to the law term was void, and should be quashed. If, on the other hand, the summons may, as appellant claims, be made returnable indifferently to a probate or a law term, it follows, necessarily, under the facts of this case, that the same result must be reached.

Cases which are by the statute expressly and primarily made cognizable at the law terms, are cognizable exclusively at such terms, and process, in such cases, must be made returnable at the law terms. (See secs. 7 and 112 of the County Court act.) But it can not be affirmed of matters primarily cognizable at probate terms that they are cognizable exclu-

sively at said terms, since the statute provides that all matters cognizable at probate terms shall also be cognizable at law terms; and if we assume the correctness of the claim of appellant, then a summons in a proceeding in respect to any of such probate matters is returnable, indifferently, either to a probate or a law term, in which event all terms of the county court, whether law or probate, are terms of the county court, in the eyes of the law, so far as such proceeding is concerned.

We have already seen that the first section of the act in regard to practice in courts of record does not govern in the matter of the summons issued upon the filing of a petition to contest an election, but that such summons is controlled by the provisions of the act to regulate the practice in courts of chancery, and that the mandate of the ninth section thereof is, that every such summons shall be made returnable to the next term of the court after the date thereof, or the next succeeding term thereafter. The summons in this case was dated and issued on the 4th day of May, 1889. The next term of the court after that date began on Monday, May 6, 1889, and the next succeeding term thereafter commenced on Monday, June 3, 1889. The requirement of the statute was, that this summons should have been made returnable on one or the other of the dates last mentioned. Instead of its being made so returnable, it was made returnable on the second Monday of July following, at the law term then to be held; and assuming, for the purposes of the present case, that a summons in a proceeding like this might, under proper circumstances, have been made returnable to said law term, yet we find that here not only were the May and June terms of the county court passed over, in defiance of the statute, but that a third term of the court (the July probate term) intervened between the teste and the return day of the writ. That a summons thus issued is void, and confers no jurisdiction, has been frequently decided. *Hochlander* v. *Hochlander*, 73 Ill. 618, and cases there cited.

It follows from what we have said, that there was no error in the order of the court below sustaining the motion to quash the summons.

The other contention relied upon by appellant is, that the county court erred in entering the order dismissing the suit at his costs. Appellant made no application to the court to retain the petition and issue another summons thereon. If he desired to further prosecute his suit, he should have entered a motion in that behalf, and thereby afforded the court an opportunity to either allow or deny that which probably was desired. It is not the practice of the courts to give to their suitors that which they do not ask. Had appellant made an application such as is above indicated, then, in the event his motion was denied and his suit dismissed, he would have been in a position, a proper exception being taken, to assign error upon the rulings of the court. But here, the writ having been properly quashed, on the ground it was absolutely void, and no other writ being solicited, there was no good object to be accomplished by longer retaining the petition, and there was no error in dismissing it out of the court and taxing plaintiff therein with costs.

We find no error in the record, and the orders and judgment of the county court are affirmed.

*Judgment affirmed.*