(No. 11695.—Judgment affirmed.)

WILLIAM A. DENNISON, Appellant, *vs.* CHARLES B. ASTLE, Appellee.

*Opinion filed December 19, 1917.*

1. ELECTIONS—*party desiring to contest election must show that ballots have been kept intact.* The burden is upon the petitioner in a proceeding to contest an election to show that the ballots have been kept intact substantially as required by the statute and preserved in such a way that there has been no reasonable opportunity to tamper with them.

2. SAME—*what evidence does not show ballots have been properly preserved.* Evidence that the bags containing the ballots were sealed with sealing wax without an impression seal, as required by statute; that they were left so sealed on a table in a room in the town hall that could readily be entered by anyone desiring to do so; that when the town clerk went after them, nearly three days later, he found them inside an unlocked ballot-box, does not prove that the ballots have been properly preserved in the same condition as when counted.

APPEAL from the County Court of Kankakee county; the Hon. JAY H. MERRILL, Judge, presiding.

WALTER C. SCHNEIDER, for appellant.

E. P. HARNEY, and J. BERT. MILLER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

William A. Dennison, appellant, filed his petition in the county court of Kankakee county to contest the election of supervisor of the town of Ganeer, in that county. The petition alleged that appellant and Charles B. Astle were opposing candidates for supervisor at the election held April 3, 1917, and that according to the returns appellee received 332 and appellant 323 votes. The petition alleged that various errors had been made in counting the ballots and making the returns and prayed for a re-count. The petition alleged that the "ballots, poll-books, tally-sheets and certificates of the judges of election were properly delivered to

the town clerk, and have since been in his custody and have been lawfully preserved and kept inviolate and are now in the same· condition as when delivered to the town clerk."" The answer of appellee admitted the allegation in reference to the poll-books, tally-sheets and certificates of the judges, but neither admitted nor denied that the ballots were properly delivered and preserved or that they were in the same condition as when cast and when delivered to the town clerk. After hearing proof the court held the ballots had not been properly preserved and that the ·returns were the best evidence of the result of the election, declared appellee elected on the basis of the returns and dismissed the petition. From that judgment this appeal has been perfected.

The burden was upon appellant to show that the ballots had been kept intact substantially as required by the statute and preserved in such a way that there was no reasonable opportunity to tamper with them, otherwise they cannot overcome the returns. (*Kingery* v. *Berry*, 94 Ill. 515; *Graham* v. *Peters,* 248 id. 50; *Rottner* v. *Buchner,* 260 id. 475.) It appears from the evidence that after the polls had been closed and the ballots counted on the evening of election the ballots were strung and placed in two canvas bags which were sealed with sealing wax. No wax impression seals were used. Upon one bag there were placed three seals and upon the other five. The bags, thus sealed, were left on the table in the town hall, where they remained until about four o'clock on the evening of Friday, April 6. The town clerk did not know where the ballots were until Friday afternoon. There was a lock on the double front doors of the town hall, but the proof shows that the doors, though locked, could be opened by merely pushing them inward. A rear door which opened into an alley was so warped that it could not be locked and had been left unlocked for years. This door opened into a vestibule, which was separated from the town hall by a partition seven feet in height and which came within six feet of the ceiling. Some of the windows

of the town hall were unlocked. From the vestibule into which the rear door opened there was a door opening into the office of the police magistrate. From this office there was a door opening into a toilet, which, in turn, had a door opening into the town hall. The two doors to the toilet— the one from the police magistrate's office and the one from the town hall—were never kept locked. The police magistrate kept the door to .his office locked at night but during the daytime it was unlocked, and there were periods extending from a few minutes to an hour or two when his office was unoccupied. It was not shown that anyone had entered the town hall after the ballots had been sealed until the town clerk came and took them away, but when he secured the ballots on Friday afternoon he found them in an unlocked ballot-box. He placed them in a safety deposit box in a bank, and after that time there is no question as to their proper preservation. One of the judges of election testified that in his opinion one of the bags was not at the time of the trial in the same condition as it was on the night of election, as it contained more wax seals than it then did. The other judges testified that in their opinion the bags at the time of the trial were in the same condition they were when they sealed them. The bags bore no evidence of having been tampered with.

The statute requires that when the ballots are strung they shall be enclosed in a secure canvas covering, securely tied and sealed with sufficient wax impression seals in such a manner that it cannot be opened without breaking the seals. This provision of the statute was not followed, and consequently it was possible for anyone desiring to tamper with the ballots to remove the seals and replace them with like seals of sealing wax after the bags had been opened and again closed. It was not incumbent upon appellee to show that the ballots had been tampered with, but it was incumbent upon the appellant to show clearly that the ballots had been kept intact in the same condition as when

counted and preserved without opportunity of interference with them. The evidence offered in behalf of appellant was not sufficient to show this situation. The ballots were left in bags improperly sealed, on a table in a room that could be readily entered by anyone desiring to do so, from Tuesday evening until the following Friday afternoon. While it is not shown that anyone had entered the room during that time, it does appear that the election officials left the bags lying upon the table and when they were next seen they were inside an unlocked ballot-box.

The county court correctly held from the evidence that the ballots had not been properly preserved, and the judgment dismissing the petition is affirmed.

*Judgment affirmed.*