JOSEPH TALKINGTON

v.

ANDREW J. TURNER.

1. CONTESTED ELECTION—*constables.* Under the law of 1872, the county court is empowered to hear and determine contests of the elections of constables, and any elector of the township or precinct may make the contest.

2. Such contests are placed upon the same footing as cases in chancery, and the contestant may place his contest upon any ground he chooses, and the opposite party may interpose, by answer, any matters which show that the contestant is not equitably entitled to the relief he seeks.

3. Where the election of a constable is contested on the ground of a mistake in counting the votes, it is not material whether the cause of the mistake is alleged as proved or not. The question to be determined is, was there a mistake in counting the votes, and if so, to what extent. The cause of the mistake is unimportant.

4. ELECTION—*where a party is voted for by his surname alone.* Where one Joseph Talkington was a candidate for constable, it was held that ballots cast for "Talkington" for that office, should be counted for Joseph.

APPEAL from the County Court of Morgan county; the Hon. EDWARD P. KIRBY, Judge, presiding.

Messrs. EPLER, CALLON & DeLEUW, for the appellant.

Mr. WM. H. BARNES, and Mr. GEO. W. SMITH, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding to contest an election for the office of constable in Waverly precinct, in Morgan county, commenced by petition filed in the county court of that county.

We are inclined to hold that the several objections urged against the petition, in the court below, were properly overruled, and that the court did not err in rejecting the evidence offered by the appellant.

By section 98 of the act in regard to elections, etc., in force July 1st, 1872, the county court is empowered to hear and determine contests of this kind ; and, by section 112, any elector of the township or precinct is authorized to make the contest.

Sections 113, 114, 115 and 116 of the act are as follows :

"Sec. 113.   The person desiring to contest such election shall. within 30 days after the person whose election is contested is declared elected, file with the clerk of the proper court a statement, in writing, setting forth the points on which he will contest the election, which statement shall be verified by affidavit in the same manner as bills in chancery may be verified.

"Sec. 114.   Upon the filing of such statement, summons shall issue against the person whose office is contested. and he may be served with process or notified to appear, in the same manner as is provided in cases in chancery.

"Sec. 115.   Evidence may be taken in the same manner and upon like notice as in cases in chancery.

"Sec. 116. The case shall be tried in like manner as cases in chancery."

The purpose would seem to be to place the contest on the same footing as a case in chancery, and, in this view, the contestant may, clearly, place his contest upon any ground he chooses, and the opposite party may interpose, by answer, any matters which show that the contestant is not equitably entitled to the relief he seeks.

A mistake may exist in the count of the ballots, when all other steps in the election have been regular and accurate, and in such a case it would be strange, indeed, if the contestant might not contest for this cause alone.

The objection urged, that the cause of the mistake is not alleged as proved, is immaterial. The question is, was there a mistake in counting the votes, and if so, to what extent? The cause of the mistake is unimportant.

This case must, however, be reversed on the facts as found by the court below.

The record shows that, after examining and counting the ballots, the court found the facts to be as follows:

"Under the printed heading 'For Constable,' there were cast: 163 ballots 'A. J. Turner,' 7 ballots 'A. Turner,' 1 ballot 'A. J. Turn,' 1 ballot 'J. A. Turner,' 1 ballot 'A. Turney,' 4 ballots 'Andrew Turner,' 5 ballots 'Andy Turner.' All of which said ballots were counted and found to amount to 184, and allowed by the court as cast for the petitioner, Andrew J. Turner."

Besides this, there was, under the same printed heading, "For Constable," 1 ballot for "Turner," and 1 ballot "A. J. Turner," which were rejected, and not counted.

There was, under the same printed heading, "For Constable," also cast: 65 ballots "Joseph Talkington," 39 ballots "J. Talkington," 37 ballots "Jo. Talkington," 17 ballots "Jos. Talkington," 5 ballots "Joseph Talketon," 3 ballots "Jo. Talkerton," 2 ballots "Jo. Talketon," 2 ballots "Jo. Talk-

iton," 2 ballots "Joseph Talking," 2 ballots "Joseph Talca-
ton," 1 ballot "Joseph Talken," 1 ballot "Joseph Talkinton,"
1 ballot "Jos. Talkenton," 1 ballot "J. Talkton," 1 bal-
lot "Joseph Talkton," 1 ballot "Jos. Takerton," 1 bal-
lot "Jo. Talkton," 1 ballot "Josephas Talkington," 1 ballot
"J. Talkenton," 1 ballot "Joshge Talkington," 1 ballot "Jo-
seph Talkin," 1 ballot "Jo. Talketon," 1 ballot "J. Talken,"
1 ballot "Jo. Talktom."

All of which said ballots were counted, and found to
amount to 178, and allowed by the court as cast for the de-
fendant, Joseph Talkington.

And there was also cast, under the said printed heading,
"For Constable:"   2 ballots "Talkington," 1 ballot "Joseph
Tollaton," 1 ballot Geo. Talkaton." 1 ballot "George Talka-
ton." 1 ballot "J. Tackton," 1 ballot "John Talkington,"
which were rejected, and not counted.

From these figures the court found that the contestant was
elected, and decreed that he have the office.

It will be seen, by adding the several numbers of ballots
cast, under the different names, together, that the whole num-
ber cast for the contestant was only 182, instead of 184, as
found by the court; while the whole number cast for the
appellant was 188, instead of 178, as found by the court.   If
we shall, therefore, add to the whole number of votes, as thus
ascertained, cast for the contestant, the two votes rejected by
the court, it will still leave the appellant a majority of four.
In our opinion, the two votes cast for "Talkington" were
improperly rejected, and should also have been counted for
the contestant, thus increasing his majority by that number.
It may be that the figures furnished us are erroneous.   If so,
the fault is in the record.   We can not go outside of it and
presume the existence of other and different facts.   The fig-
ures given are literally transcribed as they appear both in
the abstract and record.

The decree of the court below is reversed and the cause
remanded.                           *Decree reversed.*