Dᴏɴᴀʟᴅ MᶜKɪɴɴoɴ

*v.*

Tʜᴇ Pᴇᴏᴘʟᴇ *ex rel.* Henry Malzacher.

*Filed at Ottawa June 13, 1884.*

1. Cᴏɴᴛᴇsᴛᴇᴅ ᴇʟᴇᴄᴛɪᴏɴ—*how far governed by chancery principles and rules.* A proceeding to contest an election is to be tried in like manner, and like evidence is admissible and like principles must control, as in the trial of causes in chancery.

2. Sᴀᴍᴇ—*intention of the voter—how ascertained.* Where the question is for what or for whom a ballot should be counted, the intention of the voter should, if possible, be ascertained, and when ascertained it must control.

3. Where there is a mistake or imperfection in the ballots cast at an election, extraneous evidence is admissible in a contest to show what was intended. So where ballots were cast at an election for Henry M., and also some for Joseph M., it was proved in a contest of the election that Henry M. was the democratic nominee, and another the republican nominee, to be voted for at that election for the office of town clerk, and that there were no other candidates for that office at that election, and that no person by the name of Joseph M. resided in the town or was known to the witnesses, residents of such town, and also that the name of Joseph M. was printed on a number of democratic ballots, and voted by mistake: *Held,* that the evidence was properly received, and the ballots cast for Joseph M. counted for Henry M.

4. Where a patent ambiguity is raised in respect to the name of a candidate upon a ballot, the voter casting the same may, if he so elects, be allowed to testify for whom he intended to vote, or what he intended by the ballot.

20—110 Iʟʟ.

APPEAL from the County Court of Du Page county; the Hon. ELBERT H. GARY, Judge, presiding.

·This was a proceeding to contest an election for the office of town clerk of the town of South Chicago, commenced in the county court of Cook county, and taken thence, by change of venue, to the county court of Du Page county. That court found that the contestant, Henry Malzacher, was duly elected to the office, and decreed accordingly, and this appeal is prosecuted to reverse that decree. .

Mr. THOS. J. SUTHERLAND, for the appellant.

Mr. A. GARRISON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Proceedings of this kind are to be tried in like manner, and like evidence is admissible and like principles must control, as in the trial of causes in chancery. (Rev. Stat. 1874, chap. 46, secs. 113-116; *Talkington* v. *Turner*, 71 Ill. 234; *Dale* v. *Irwin*, 78 id. 170; *Kingery* v. *Berry*, 94 id. 515.) Where the question is for what or for whom a ballot should be counted, the intention of the voter should, if possible, be ascertained, and when ascertained it must control. *(People ex rel.* v. *Matteson et al.* 17 Ill. 167.) When there is a mistake or imperfection in the ballots, extraneous evidence is admissible to show what was intended. Cooley, in his work on Constitutional Limitations, (1st ed.) sec. 611, says: "We think evidence of such facts as may be called the circumstances surrounding the election,—such as, who were the candidates brought forward by the nominating conventions; whether other persons of the same name resided in the district from which the officer was to be chosen, and if so, whether they were eligible or had been named for the office; if a ballot was printed imperfectly, how it came to be so

printed, and the like,—is admissible for the purpose of show-
ing that an imperfect ballot was meant for a particular can-
didate, unless the name is so different that to thus apply it
would be to contradict the ballot itself, or unless the ballot
is so defective that it fails to show any intention whatever."
And this is cited with approval in McCrary on Elections,
(2d ed.) 339.

In *Carpenter* v. *Ely*, 4 Wis. 420, Matthew H. Carpenter
and George B. Ely were rival candidates for the office of dis-
trict attorney. In a proceeding, on the relation of Carpenter,
to contest the election, the Supreme Court held that ballots
cast for "George B. Ela," for "Ely Ely," and for "Ely," for
"D. M. Carpenter," "M. D. Carpenter," "M. T. Carpenter,"
and "Carpenter," were competent evidence for the considera-
tion of the jury, it being also proved that before the election
it was announced to the electors of the county, in all the
newspapers printed in the county, that George B. Ely and
Matthew H. Carpenter would be and were candidates for the
office of district attorney of the county; that at this time
there was no lawyer in the county eligible to the office of dis-
trict attorney, of the name of "George B. Ela," "Ely Ely," or
"Ely," and that there was no lawyer whose surname was
"Ely," except the respondent; that there was no lawyer in
the county by the name of "D. M. Carpenter," "M. D. Car-
penter," "M. T. Carpenter," or whose surname was "Car-
penter," except the relator; that there were no votes cast in
the county, at said election, for any persons of the names of
Ely and Carpenter, except for the office of district attorney,
and that both the relator and the respondent were practicing
attorneys at that time in the county, and eligible to the office.
The court, among other things, observed, after saying that
the facts proven were competent evidence to go to the jury:
"A contract may be read by the light of surrounding circum-
stances,—not to contradict it, but in order more perfectly to
understand the intent and meaning of the parties who made

it. By analogous principles we think that these facts, and others of like nature connected with the election, could be given in evidence, for the purpose of aiding the jury in determining who was intended to be voted for." In that case the finding of the jury was, that all the ballots cast upon which was the name of "Ely" or "Ela," were intended to be cast for "George B. Ely," and all the ballots cast upon which was the name of "Carpenter," were intended to be cast for "Matthew H. Carpenter," and judgment was accordingly so rendered, and it was affirmed by the Supreme Court.

In *People ex rel.* v. *Pease,* 27 N. Y. 45, the court of appeals held that a voter may be allowed to testify, if he so elects, for whom he intended to vote, as one of the circumstances bearing upon the question of intention. This case, it is true, is criticised, and in some respects declined to be followed, in *Virginia* v. *Beardstown,* 76 Ill. 34, but not as respects this question. Where a patent ambiguity is raised in respect to the name upon a ballot, we perceive no reason why, as held in the *Pease case,* the party may not be allowed to state what he intended by the ballot.

The practice recognized in this court is in conformity with the quotation from Cooley, *supra,* and the ruling in *Carpenter* v. *Ely, supra,* though no attempt has been made to lay down any rule farther than as quoted *supra* in *People ex rel.* v. *Matteson.* In that case the contest was for the office of "police magistrate," and it was held ballots cast for the relators for "police justices" should be counted as cast for "police magistrates." In *Talkington* v. *Turner, supra,* we held that ballots for "Talkington" should have been, under the evidence, counted for "Joseph Talkington." And in *Clark* v. *Robinson,* 88 Ill. 498, we held, under the evidence, that ballots cast on which were written "W. E. Robso," "Robertson," "W. E. Robers," and "Robin," should be counted for "William E. Robinson."

In the present case, the evidence shows that ballots were cast at the election and for the office in question, as follows: For Henry Malzacher, 8819 votes; for Joseph Malzacher, 919 votes; for Donald C. McKinnon, 9641 votes. If the ballots cast on which is the name of Joseph Malzacher, shall be counted for Henry Malzacher, he will have a majority, and be entitled to the office, otherwise McKinnon will have a majority and be entitled to it,—and this presents the only question to be considered.

The proofs show that Henry Malzacher was the democratic nominee, and Donald C. McKinnon the republican nominee, respectively, to be voted for at the town election on April 3, 1883, for the office of town clerk of the town of South Chicago, and that there were no other candidates for that office at that election; that no person by the name of Joseph Malzacher at that time resided in the town of South Chicago, and no person of that name was known to or had ever been heard of by the witnesses testifying, and yet they professed to be well acquainted with the Malzacher family, and they were residents of the town and voters at the election. There is no affirmative evidence in the record that there is such a person in existence as Joseph Malzacher. The proof also shows that the name of Joseph Malzacher was printed on a number of democratic ballots, and voted by mistake, the person having the ballots printed, and those voting them, being informed, and believing at the time, that that was the name of the democratic nominee, but intending that the name should be, and the ballots cast for, that of the regular democratic nominee, which was Henry Malzacher. No clearer case of mistake in the respect pointed out can be proved, and the county court of Du Page county, in view of the authorities to which we have referred, properly found and decreed that Henry Malzacher is entitled to the office.

The decree is affirmed.

*Decree affirmed.*