THE STATE *ex rel.* HAMMERSTEIN, *Appellant*, v. WILLIAMS, *Recorder of Voters, et al.*

1. **Mandamus**: CANVASS OF ELECTION RETURNS. A writ of mandamus will not lie to compel a board of election canvassers to count votes returned for Mathew Ryan, Mattias Ryan, and M. Ryan, as being cast for different persons, it not being alleged that they were different persons, or that the votes were cast for different persons.

2. ——— : MINISTERIAL OFFICER. The court before issuing a writ of mandamus to a ministerial officer must ascertain his specific legal duty in the premises.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Berry & Richey* for appellant.

(1) The statutes require that the votes shall be counted, and that the certificate of election shall be given in accordance with the returns. Scheme and Charter, art. 2, sec. 18; Session Acts, 1881, p. 55, secs. 21, 22; Session Acts, 1883, p. 46, sec. 26. (2) Difference in name is *prima-facie* evidence of difference in person, and words readily distinguishable in sound are not *idem sonans*. *State v. Moore*, 61 Mo. 276, and cases cited; *Long v. McDow*, 87 Mo. 197; *Robson v. Thomas*, 55 Mo. 581, and cases cited; *Flournoy v. Warden*, 17 Mo. 435; *Gitt v. Watson*, 18 Mo. 274. (3) The duty imposed on these respondents is in the strictest sense a ministerial duty, as to which they have no official discretion whatever. *Mayo v. Freeland*, 10 Mo. 629; *State ex rel. v. Harrison*, 38 Mo. 541; *State ex rel. v. Rodman*, 43 Mo. 256; *State ex rel. v. Steers*, 44 Mo. 223; *State ex rel. v. Bishop*, 44 Mo. 229; *State ex rel. v. Hays*, 44 Mo. 230; *State ex rel. v. Garesché*, 3 Mo. App. 526; s. c., 65 Mo. 480. (4) The facts set forth in the petition and in the writ show that the defendants have failed and refused, and still refuse, to perform their duty as prescribed by law; and until ministerial officers have performed the exact duty imposed upon them by law, they must be considered in default. *Clark v. McKenzie*, 7 Bush (Ky.) 523; *Bell v. Pike*, 53 New Hamp. 473; *People v. Taylor*, 1 Abb. Pr. (N. S.) 200; *Ellis v. Co. Com.* 2 Gray, 370; *State v. Gibbs*, 13 Fla. 55; *Light v. State*, 14 Kansas, 489; High on Ext. Rem., sec. 60.

*Hough,. Overall & Judson* for respondents.

In the case of *State v. Foster*, 38 Ohio St. 599, the court decided that, "Where votes for H. L. Morey are counted for Henry L. Morey, and it is not averred that H. L. and Henry L. are not the same person, mandamus will not issue to compel such votes to be counted for two persons." It is not averred in the writ here that there was more than one candidate for this office by the name of Ryan, nor that Mathew, Mattias, and M. Ryan are not the same person. The prerogative writ of mandamus was not instituted to do a wrong by means of a technicality, but was established to prevent a failure of justice. It is for this reason that, as decided in the case of *State v. Foster*, *supra*, it should not issue until the relator has made affidavit that the officers are about to certify for one person votes that were cast for another.

NORTON, C. J.—This is a proceeding by mandamus, in which it is alleged in the alternative writ that, at an election held in the city of St. Louis, the relator, Hammerstein, was a candidate for the office of member of the house of delegates ; that at said election he received the highest number of votes cast for any one person at said election ; that the returns of the judges and clerks of the election showed that he did receive the highest number of votes for the said office, as follows :

"For this relator four hundred and seventy-six votes, for Mathew Ryan three hundred and seventy-four votes, for —— Ehrman two hundred and fifty-four votes, for J. A. Lynch two hundred and thirteen votes, for M. Ryan sixty-eight votes, and for Mattias Ryan thirty-five votes ; that the respondents were the duly

qualified board of election canvassers; that, in fraud of the rights of this relator, the respondents were proceeding to count, and, unless prevented from so doing, would add the votes returned for M. Ryan, and Mattias Ryan, respectively, to the votes returned for Matthew Ryan and would certify, contrary to the returns, that Mathew Ryan had received four hundred and forty-seven votes, when the said returns showed that he had received but three hundred and seventy-four votes." The writ directs the respondents to count and certify the votes cast for Ryan as being cast for different persons, or show cause why it should not be done.

The respondents moved to quash for the following reasons: (1) The facts therein stated are not sufficient to authorize this court to compel the defendants to obey the commands of the writ. (2) It does not appear from the writ that M. Ryan, Mattias Ryan, and Mathew Ryan are not one and the same person. The motion was sustained and relator has appealed.

It needs no citation of authorities to establish the proposition that the duty of respondents in canvassing the returns of said election are purely ministerial, and that words readily distinguishable in sound are not *idem sonans;* but it does not follow from this that Mattias was not intended for Mathew, or that initials prefixed to a surname may not identify the person. The rule governing in canvassing returns is stated by Cooley as follows: "The action of such boards is to be carefully confined to an examination of the papers before them, and a determination of the result therefrom, in the light of such facts of public notoriety connected with the election as every one takes notice of, and which may enable them to apply such ballots as are in any respect imperfect to the proper candidates or officers for which they are intended, provided the intent is sufficiently indicated by the ballot in connection with such facts, so

that extraneous evidence is not necessary for this purpose." Cooley's Const. Lim. 623.

In the case of *State ex rel. v. Foster*, 38 Ohio St. 599, the above rule is quoted, and was acted upon, and it is there held that when the returns showed that votes were cast for H. L. Morey and were counted by the canvassers for Henry L. Morey, it not being averred that H. L. and Henry L. are not the same persons, mandamus will not issue to compel such votes to be counted for two persons. This ruling was made in view of the authorities (they having been cited in that case) to which counsel for relator have cited us. It will be found upon examination of the cases cited that none of them were proceedings by mandamus, but by *quo warranto*.

It will be observed that in this case it is not alleged either that M. Ryan, Mattias Ryan, and Mathew Ryan are different persons, or that the vote was cast for different persons. Had these allegations been made, the trial court would, under our ruling in the case of *State ex rel. v. Garesché*, 65 Mo. 480, have investigated the question and ascertained the specific legal duty of respondents in the premises. It is there held that before issuing a writ of mandamus to a ministerial officer the court must ascertain what is his specific duty in the premises.

Judgment affirmed, in which all concur.