SAMUEL W. ALLERTON *et al.*

*v.*

JOHN P. HOPKINS.

*Filed at Ottawa March 28, 1896.*

1. JURISDICTION—*review of statutory proceeding is controlled by the statute.* Where, in a special statutory proceeding, one form of review is specifically given all other forms of review are excluded.

2. SAME—*of equity to determine validity of election.* There is no inherent power in a court of chancery to inquire into the validity of an election.

3. ELECTIONS—*bill of review does not lie in a proceeding to contest election.* An election contest under the act of 1872, (Rev. Stat. 1874, chap. 46, secs. 112-123,) though in form a chancery proceeding, is purely statutory, and a bill of review in the trial court does not lie.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

PECK, MILLER & STARR, for appellants:

A bill of review lies in the county court to review its own final order dismissing the bill to contest the election. The petition is for all purposes a chancery proceeding, and governed by the rules of chancery practice. *Dale v. Irwin,* 78 Ill. 170; *Cavanaugh* v. *McConochie,* 134 id. 516; *County of Lawrence* v. *Schmaulhausen,* 123 id. 321; *Kingery* v. *Berry,* 94 id. 515; *Talkington* v. *Turner,* 71 id. 234; *Rafferty* v. *McGowan,* 136 id. 620; *McKinnon* v. *People,* 110 id. 305.

The rules of chancery continue to apply to proceedings after judgment or final decree. *Kingery* v. *Berry,* 94 Ill. 515.

The decisions show: (1) That the proceeding is of a chancery nature.—94 Ill. 518. (2) That a bill in chancery is the proper form for the contest.—101 Ill. 450. (3) That it is to all intents and purposes a chancery proceeding.—78 Ill. 170. (4) That it is subject to the rules governing such a suit.—134 Ill. 518. (5) That all the unexpressed incidents of a chancery suit attach to it.—110 Ill. 306.

(6) That such chancery rules and incidents as apply to chancery proceedings subsequently to decree apply to election contests, (136 Ill. 627; 94 id. 515;) and that chancery jurisdiction has been conferred as to this particular subject.—134 Ill. 517.

It is a rule of chancery practice that all final orders and decrees in chancery are subject to be reviewed by bill of review. *Griggs* v. *Gear,* 3 Gilm. 2; Mitford's Eq. Pl. (Tyler's ed.) 185, 186, 486, 487; 2 Daniell's Ch. Pr. (5th ed.) 1576, 1577, and notes; Story's Eq. Pl. (10th ed.) sec. 403, *et seq.;* Gilbert's Forum Romanum, (Tyler's ed.) 183; Lube's Eq. Pl. (2d Am. ed.) 177, 310; 2 Am. & Eng. Ency. of Law, 264; 3 Blackstone's Com. 454.

A bill of review to reverse a decree for error apparent on its face is a matter of right, and may be filed without leave of court. 2 Daniell's Ch. Pr. 1577, note 2; *Perry* v. *Phillips,* 17 Ves. 178; *Anonymous,* 2 P. Wms. 283; *Elliott* v. *Balcom,* 11 Gray, 286; *Gooch* v. *Green,* 102 Ill. 507; *Griggs* v. *Gear,* 3 Gilm. 2; *Harbeck* v. *Gear,* id. 18.

The jurisdiction over a bill of review, when filed to reverse for error of law apparent on the face of the record, is ancillary to the former suit, and not original. *Barrow* v. *Hunton,* 99 U. S. 80; Gilbert's Forum Romanum, (Tyler's ed.) 183; 2 Barbour's Ch. Pr. 100; *Catterall* v. *Purchase,* 1 Atkyns, 290; 2 Daniell's Ch. Pr. (5th ed.) 1576, note 6.

GREEN, ROBBINS & HONORE, for appellee:

A bill of review is in the nature of a writ of error, intended to procure the examination and consequent reversal, alteration or explanation of a final decree in equity, which has been signed and enrolled. Bouvier's Law Dic. "Bill of Review;" Story's Eq. Pl. secs. 403, 404; Cooper's Eq. Pl. 88, 89; *Evans* v. *Clement,* 14 Ill. 206; *Griggs* v. *Gear,* 3 Gilm. 10.

A bill of review is an appellate function. 2 Am. & Eng. Ency. of Law, title "Bill of Review."

A bill of review is like a writ of error, which has always been held to be a new suit. *Ripley* v. *Morris,* 2 Gilm. 381; *Hickman* v. *Haynes,* 5 id. 20; *Roberts* v. *Fahs,* 32 Ill. 474; *Bank* v. *Jenkins,* 104 id. 148.

A bill of review is a bill filed in a court of general chancery jurisdiction to reverse or alter a decree entered in a former chancery suit in the same court. Bouvier's Law Dic. title "Bill of Review;" 2 Am. & Eng. Ency. of Law, title "Bill of Review;" Cooper's Eq. Pl. 88, 89; *Evans* v. *Clement,* 14 Ill. 206; Story's Eq. Pl. sec. 403.

The county court is not a court of general chancery jurisdiction, and cannot entertain a bill of review under any circumstances. *Klokke* v. *Dodge,* 103 Ill. 125; *Kreitz* v. *Behrensmeyer,* 125 id. 170; Rev. Stat. chap. 37.

A bill of review will not lie to review the decision of a chancellor, when such decision is made, not in a regular chancery proceeding, but in a special inquisition. *Winsor* v. *Inhabitants of Farnham,* 3 Croke, 40.

Where a special statutory right is given and the remedy prescribed, the right must be enforced by that remedy and no other. *Jennings* v. *Joyce,* 116 Ill. 179 ; *Warfield* v. *Latrobe,* 46 Md. 123; *Moore* v. *Mayfield,* 47 Ill. 167; *People* v. *Smith,* 51 id. 177; *Savage* v. *Owings,* 3 Gill, 497 ; *Wilmington Co.* v. *Condon,* 8 G. & J. 448.

Mr. JUSTICE BAKER delivered the opinion of the court:

On December 19, 1893, a special election was held in the city of Chicago, for the election of a mayor to fill the vacancy caused by the death of Carter H. Harrison. The candidates for said office at the election were John P. Hopkins, George B. Swift, Michael Britzius and Ebenezer Wakeley. The canvassing board canvassed the returns of the election, and declared that said returns gave for the office of mayor 112,959 votes to Hopkins, 111,669 votes to Swift, 2064 votes to Britzius, and 535 votes to Wakeley. Hopkins was declared elected, and was installed into office as mayor. On January 20, 1894, Samuel

W. Allerton, David Kelley, William H. Harper, George
E. Adams and W. M. Darlington, five electors of the city
of Chicago, (with whom, by amendment, there was after-
wards joined George B. Swift,) filed in the county court
of Cook county a petition or statement of contest pursu-
ant to the statute in such case made and provided, the
object of the proceeding so instituted being to show that
Swift, and not Hopkins, had been elected mayor at said
election. Such proceedings were had in the matter of
such contest as that, on November 10, 1894, the court sus-
tained a motion to strike the statement of contest and
the amendments thereto from the files, and entered a
final order and judgment dismissing the petition at the
cost of the contestants. Thereupon an appeal to this
court was prayed and allowed, but no appeal was taken
or perfected, and the term at which the final order was
made, lapsed. At a subsequent term, and on December
10, 1894, the contestants filed in said county court a bill
of review, the object of which was to reverse, vacate and
set aside for manifest error the order and decree dismiss-
ing the petition. Hopkins was made defendant to this
bill of review, and on his motion the county court dis-
missed said bill of review, on the ground it had no juris-
diction to entertain the same, and this latter order of
dismissal is herein appealed from.

Under the chancery practice as it exists in this State
there are four modes in which a decree may be reviewed
for alleged error, and upon such review changed or re-
versed, and these are: First, by a rehearing in the court
of chancery that heard the cause; second, by a bill of
review in the chancery court in which the original pro-
ceeding and decree were had; third, by an appeal to an
appellate tribunal; and fourth, by a writ of error from an
appellate tribunal. If a rehearing is not applied for at
the term in which the decree is rendered, then the decree
becomes final by the lapse of the term, and it can be
modified or reversed, upon the record that was before

the court at the time it was entered, only by the exercise of an appellate function. In cases of appeals or writs of error this function pertains to courts of error and appeals, but in cases of bills of review it adheres to the chancery court that heard the cause. A bill of review, pure and simple, and as distinguished from a bill of review for newly discovered evidence or a bill in the nature of a bill of review, is in the nature of a writ of error, and it is brought for error of law apparent upon the face of the decree itself, the decree, for the purposes of the review, including not only the adjudication, but also the pleadings and the facts as found in the original cause. (*Griggs* v. *Gear*, 3 Gilm. 2.) Such a bill may be brought as a matter of right, and without leave of court. (*Griggs* v. *Gear*, *supra*.) And a bill of review is a creation of the court of chancery, and it has no application to other than chancery proceedings.

In *Moore* v. *Hoisington*, 31 Ill. 243, it is held that a court of chancery has no jurisdiction, under its general powers and in the absence of express statutory enactment, to inquire into the validity of elections. And in *Dickey* v. *Reed*, 78 Ill. 261, it is held that courts of equity have no inherent power to try contested elections, and that they have never exercised such power except in cases where it has been conferred by express enactment or necessary implication therefrom; that it devolves upon the political power of the State to provide the mode of reviewing the returns of all elections to ascertain whether they are in accordance with the expressed will of the people, and that when the law provides a mode for contesting an election, that mode must be followed.

The case of *Moore* v. *Mayfield*, 47 Ill. 167, arose under the provisions of the election law of 1845, in force until repealed by the statute of 1872. That law (Rev. Stat. 1845, chap. 37, entitled "Elections,") provided for the selection of three justices of the peace to decide upon the respective claims of contestants for the office of sheriff,

and for an appeal to the circuit court, and that the decision of that court "shall be final." Upon a writ of error to this court it was held that the legislature had the power to declare that the decision of the circuit court in the matter of the election should be final, and that in the act in question they had done so, and the writ of error was dismissed. And in the subsequent case of *People ex rel.* v. *Smith,* 51 Ill. 177, a like decision was made, and it was said by Mr. Justice LAWRENCE, speaking for the court : "The proceeding is purely statutory. Without the aid of the act this contest could not have been brought in this form before the circuit court, and the jurisdiction can be exercised only subject to the limitations of the act."

The election law of 1872 (Rev. Stat. 1874, chap. 46,) provides that the statement to be filed by the person who desires to contest an election shall be verified by affidavit, in the same manner as bills in chancery; that upon filing said statement, summons shall issue in the same manner as is provided in cases in chancery; that evidence may be taken in the same manner and upon like notice as cases in chancery; that the case shall be tried in like manner as cases in chancery; that the judgment of the court shall declare as elected the person who shall appear to be duly elected, and that in all cases of contested elections appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts. (Secs. 113-116, 119, 123.)

The first cases to arise under the law of 1872 were *Talkington* v. *Turner*, 71 Ill. 234, *Hall* v. *Thode*, 75 id. 173, *Dale* v. *Irwin*, 78 id. 170, and *Dickey* v. *Reed*, id. 261. In *Hall* v. *Thode* the writ of error was dismissed, and it was said (p. 175): "These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By section 123 of chap-

ter 46, title 'Elections,' (Rev. Stat. 1874,) it is provided,
'in all cases of contested elections in the circuit courts
or county courts, appeals may be taken to the Supreme
Court in the same manner and upon like conditions as is
provided by law for taking appeals in cases in chancery
from the circuit courts.' Here is a specific remedy pro-
vided in a specific case,—not one arising in the usual
course of litigation, but exceptional. It is a familiar
principle in such cases, where the organic or statute law
has given a specific remedy, that remedy must be pur-
sued. In contested elections before a county court, the
remedy, and the only one, to correct a supposed error in
the judgment, is by appeal, and this remedy can alone be
invoked. * * * This proceeding not being accord-
ing to the course of the common law, but statutory
merely, must be governed by the law prescribed for such
proceedings." In *Dickey* v. *Reed* it was held, as already
seen, that a court of chancery has no jurisdiction in an
election contest, even where the statute has not provided
a mode for contesting. The opinion we entertain in
regard to the cases of *Talkington* v. *Turner* and *Dale* v.
*Irwin*, as to what is decided in them that concerns the
matter now in issue, is well expressed in the subsequent
opinion of this court delivered by Mr. Justice SCHOLFIELD
in *Jennings* v. *Joyce*, 116 Ill. 179. It is there said: "It is
contended, against the ruling of the circuit court, that
this court held in *Dale* v. *Irwin*, 78 Ill. 170, that contesting
an election is a chancery proceeding. That, and the pre-
ceding case of *Talkington* v. *Turner*, 71 Ill. 234, therein
referred to, but gave construction to sections 113, 114,
115, 116 and 119 of chapter 46 of the Revised Statutes of
1874, entitled 'Elections.' * * * It was held, * * *
not that a court of chancery has jurisdiction in cases of
contested elections, but that the proceeding for contest-
ing elections provided by the sections of the statute to
which we have referred, 'from its incipiency * * * to
the final judgment, has all the incidents of a regular

bill in chancery.' What was said had no bearing whatever upon the question of the jurisdiction or power of courts of chancery, but refers solely to the practice in this particular statutory proceeding to contest elections, and holds that it is as in cases of bills in chancery. * * * Since, therefore, apart from the statute, the court had no jurisdiction, and the statute itself confers none, the bill was properly dismissed for want of jurisdiction."

The decision in *Kingery* v. *Berry*, 94 Ill. 515, turned upon a question of practice, simply. In view of the fact that the statute provides that the proceeding in the county court to contest an election "shall be tried in like manner as cases in chancery," and further, that "appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts," it was held that the proceeding in the county court, under the statute regulating it, is in the nature of a chancery proceeding, and that the rule in chancery practice, that to uphold the decree it must appear from the record that it is supported by the proofs, should be applied upon an appeal from the judgment of the county court. In *Haines* v. *People*, 97 Ill. 161, it was held, after a review of the authorities, that in this State a writ of error lies from either this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations in all cases involving property rights or personal liberty, *where no appeal is given from such inferior court of record to some intermediate court or to this court.* In *McKinnon* v. *People ex rel.* 110 Ill. 305, it was held, following prior cases, that a proceeding in a county court to contest an election is to be tried in like manner, and like evidence is admissible and like principles must control, as in the trial of causes in chancery. In *County of Lawrence* v. *Schmaulhausen*, 123 Ill. 321, it was held that the statute providing for the contest of an election was not designed

merely to furnish a mode of reviewing or appealing from the action of the board of canvassers, but that the proceedings prescribed by the statute were so prescribed for the purpose of finding out how many votes were cast for or against a candidate or for or against a measure, and thereby ascertaining the will of the people, and that the practice in the proceedings under the statute is the same as in chancery suits. In *Cavanaugh* v. *McConochie*, 134 Ill. 516, the only point decided was, that since the statute giving a remedy for the contest of an election provides that summons shall issue "in the same manner as is provided in cases in chancery," and the act relating to practice in chancery provides that every summons in chancery shall be made returnable to the next term of the court after the date thereof or the next succeeding term thereafter, it resulted that a summons issued out of the county court in a proceeding to contest an election, and made returnable to a term of the court beyond the second term after the teste of the writ, is void. In *Rafferty* v. *McGowan*, 136 Ill. 620, the principal point decided was that the proceeding is statutory, and that since section 114 of the statute provides that upon the filing of the statement in writing, setting forth the points upon which the contest is made, "summons shall issue against the person whose office is contested, and he may be served with process," it follows that the person whose office is to be contested is the person to be brought into court as a defendant to the proceeding. One other matter was decided in the case—that the court had the power, "at any time during the term," to change its judgment in form or substance, but that an application made after final decree or judgment to withdraw the exceptions filed to the answer, and for leave to reply, was addressed to the discretion of the court. We are unable to see that this latter matter has any bearing upon the question here at issue, as seems to be claimed by counsel, for whether the case was at law or in chancery, or a mere statutory

proceeding, the record was, during the term, in the breast of the court, and subject to change.

There being no inherent power in the court of chancery to inquire into the validity of an election, and a proceeding to contest an election being purely statutory and having no vigor outside of the statute, it is proper to consider what provision the statute here has made for the correction of error in the record of such proceeding after the expiration of the term at which final judgment or decree is rendered therein. The statute provides (sec. 123) that in all cases of contested elections in the circuit courts or county courts appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts. Where, in a special statutory proceeding, one form of review is specifically given, all other forms of review are excluded. (*Holden* v. *Herkimer*, 53 Ill. 258; *Haines* v. *People*, 97 id. 161; *Savage* v. *Gulliver*, 4 Mass. 171; *Jarvis* v. *Blanchard*, 6 id. 3.) And in *Hall* v. *Thode*, 75 Ill. 173, it was held, under the very statute we are now considering, that the remedy, and the only one, to correct a supposed error in the judgment is by appeal, and that remedy can alone be invoked.

Under our law, cases in chancery may be taken from the circuit courts to this court or the Appellate Court either by writ of error or by appeal, and when the statute on elections expressly made provision for appeals as in cases in chancery, and omitted to make provision for review on writs of error, it is to be presumed the omission was intentional, and that writs of error would have been mentioned if it had been the intention to provide that mode of redress. The jurisdiction not being exercised according to the course of the common law nor under the powers of the court of chancery, the appeal given by the statute is not to be regarded as merely cumulative to either a writ of error or a bill of review, and the affirmative specification made by the statute

excludes implication, and the rule *expressum facit cessare tacitum* applies.

A writ of error, when it lies, may be sued out at any time within five years after the final decision of the lower court, and the statute in relation to election contests evidently contemplates speedy and summary proceedings, and therefore provides for appeals, only. A bill of review can also be filed at any time within five years. (*Lyon* v. *Robbins*, 46 Ill. 276; *Jackson* v. *Jackson*, 144 id. 274.) And a bill of review, therefore, would be quite as inimical to the manifest intent of the statute as a writ of error would be. If either mode of review was allowed, the proceeding to contest the election, and the final judgment or decree made therein by the trial court, might lie dormant for almost five years, and then the breath of life again be breathed into the contest over the election. We do not believe that such a result was within the legislative contemplation. And there is no kind of litigation in which the legal maxim, *Interest reipublicæ ut sit finis litium,* more appropriately has a place than in a contest over the result of a public election. We think there is no better ground for holding that the statute, by implication, gives a bill of review, than there is for saying that it allows a writ of error by implication, and we have frequently held that the proceeding for contesting elections has no vigor outside of the statute. The statute having provided a method of contesting an election, that method must be followed, throughout. Neither directly nor by implication has any authority been given to file a bill of review. The only means whereby the final judgment of the county court in such proceeding can be reviewed for alleged error, after the expiration of the term at which it is rendered, is by an appeal to this court.

The view we have expressed is thought to be in accord with the decisions heretofore made by the court in regard to the proceeding for which provision is made in the statute, but perhaps not strictly in line with all unneces-

sary statements made in the process of reasoning found in some of the cases.

We find no error in the record. The order and judgment of the county court are affirmed.

*Judgment affirmed.*