## CHARLES BLAKE *v.* GEORGE E. H. BAKER.

### ORIGINAL.

TRIED DECEMBER 12, 14, 22, 23, 24, 1908.          DECIDED DECEMBER 24, 1908.

HARTWELL, C. J., WILDER, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF BALLOU, J.

ELECTIONS—*pleading—petition.*

> A petition in an election contest alleging that a certain number of ballots cast for the petitioner were not counted for him by the inspectors, and failing to allege that all the ballots were in the same condition as when cast, is sufficient on demurrer.

ELECTIONS—*validity of ballots.*

> Rulings as to the validity of ballots, as held in *Brown v. Iaukea,* 18 Haw. 131 *Cornwell v. Kaiue,* 18 Haw. 167, and *Holstein v Young,* 10 Haw. 216, are followed. The following ballots are held

valid: Where the intersection of the cross was exactly upon the line between the marking spaces for two candidates, and where the arms of one of the crosses were unusually heavy.

OPINION OF THE COURT BY WILDER, J.

This is an election contest instituted under chapter 11 of Act 39 of the Laws of 1905, generally known as the County Act, by Charles Blake, the democratic candidate for auditor for the county of Kauai, against George E. H. Baker, the successful republican candidate. According to the official returns Baker received 429 votes and Blake 425 votes. The petition sets forth besides general averments that in the seventh precinct, where the official returns showed 104 votes for the defendant and 68 for the petitioner, five ballots for the petitioner were not counted for him by the inspectors, which if counted would have given him one vote more than the defendant received. The defendant demurred to the petition on the ground that this action of the board of inspectors in failing to count five votes for the petitioner was not a cause within the meaning of the statute why the decision of the board of inspectors should be corrected, amended or changed, and that consequently there was no sufficient averment to justify an examination of the ballots in order to ascertain whether a mistake was made in counting the ballots. He claims that this would enable any defeated candidate to get a recount upon a petition setting forth that he is informed and believes that the inspectors have not counted right. The petitioner on the other hand says that he can aver no more than he has done since he does not know the cause or the motives which led the inspectors to count his ballots wrongfully.

The result is the same of a mistake of any board of inspectors in counting the ballots for the respective parties incorrectly and of an incorrect return wilfully made. In either case a contest may be made within the meaning of the statute. This was the

ruling under statutes somewhat similar to our own in *Hadley v. Gutridge*, 58 Ind. 314; *Talkington v. Turner*, 71 Ill. 234; *Stegeman v. Cook*, 102 S. W. (Ky.) 872. Moreover, the ruling in *Fernandez v. Adams*, July, 1906, a case not reported, holding that a petition in an election contest case was sufficient in this respect, controls in this case. The defendant also contended that the petition was defective in not setting forth that the ballots cast for auditor were in the same condition as when deposited in the ballot boxes.

The demurrer was overruled, Judge De Bolt dissenting, and then, following the practice established in *Brown v. Iaukea*, 18 Haw. 131, and in *Cornwell v. Kaiue*, 18 Haw. 167, the court required the petitioner to take the stand at the outset in order to show that he had definite knowledge or information in regard to the error alleged sufficient to show that this was not merely a fishing expedition or a proceeding for a recount as distinguished from a contest under the statute. This he succeeded in doing. The defendant in his answer neither admitted nor denied the allegations in regard to the alleged error in counting in the seventh precinct and alleged upon information and belief that in the eighth precinct the inspectors failed to count seven votes for him, claiming that in any event he was legally elected.

The court then examined the ballots in the seventh precinct, and found, as petitioner alleged, that the inspectors failed to count five ballots for him, the official tally list returned by the inspectors not being added up correctly. The defendant having satisfied the court as to his definite information in regard to the eighth precinct, the court proceeded to examine the ballots in that precinct, which examination failed to sustain defendant's claim. The defendant then requested leave to amend his answer so as to require the court to pass upon the validity of all the ballots in those two precincts. This leave was refused, but the court of its own motion, deeming it wise in furtherance of justice and because of the interest the public, as distinguish-

ed from the candidates, have in election contests, determined to examine and pass upon the validity of all the ballots cast for auditor in that county. The result was that the court found that 425 votes were cast for each candidate, which of course necessitates a new election.

In the main the rulings of a majority of the court upon the validity of ballots followed those announced in *Brown v. Iaukea,* 18 Haw. 131; *Cornwell v. Kaiue,* 18 Haw. 167, and *Holstein v. Young,* 10 Haw. 216. In accordance with the rulings in those cases the following classes of ballots were held valid: where the crosses were imperfectly formed or the lines of the cross duplicated; where there was a small hole at the lower end of one of the lines of the cross, evidently the result of an accident; where short pencil marks appeared opposite one arm of a cross; where there was a small puncture at the end of one of the crosses and as to one ballot on one side of a cross; where an erasure of a cross, although still discernible on close examination, had been made; where there were dotted pencil marks at the end of each line of a cross; where a ballot was torn at the top; and the following were held to be invalid: where a cross in an improper place was partly erased but still remained perfectly clear; where a name of some one other than that of a candidate appeared in pencil on the top of a ballot; where crosses appeared outside of the space provided for that purpose. One ballot where the intersection of the cross was exactly upon the line between the marking spaces provided for two candidates for sheriff was held by a majority of the court to be valid for all purposes and that it should have been counted for the upper candidate. One ballot on which the arms of one cross were unusually heavy was held to be valid by a majority of the court.

The court of its own motion after examining all the ballots objected to by either side and ruling upon their validity again examined them all before finally disposing of the case.

The court found after examining all the ballots, that each candidate received 425 votes, necessitating a new election, and rendered judgment accordingly with costs to be divided equally.

*E. M. Watson* and *W. W. Thayer* for petitioner.

*G. A. Davis* and *E. C. Peters* for defendant.