HERBERT A. RICE, Atty. Gen., *ex rel. vs.* FREDERICK E. DURFEE.

MAY 4, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

In an election not under the provisions of the secret ballot law, where George W. Potter and Frederick E. Durfee were the opposing candidates for a town office, two ballots on which the voter had crossed out the name of Potter and written at the right of it, "Mr. Durfee" were properly counted for Durfee since the intent to vote for him was clear and intent if it can reasonably be determined from the ballot is controlling.

INFORMATION in nature of *quo warranto.* Denied and dismissed.

VINCENT, J. This is an information in the nature of *quo warranto* brought by Herbert A. Rice, Attorney-General of the State of Rhode Island, at the relation of George W. Potter, a qualified elector of the town of Tiverton, asking this court to inquire as to the right of the respondent, Frederick E. Durfee, to hold the position and exercise the duties of town sergeant of said town for the year 1921–1922.

The information sets forth that at an election in said town on the 6th day of April, 1921, certain ballots alleged to have been cast for the respondent as town sergeant were wrongfully counted for him through an erroneous conclusion as to their validity.

At the annual town meeting for the election of town officers, held on the above-mentioned date, the relator,

George W. Potter, and the respondent, Frederick E. Durfee, were the only candidates for the office of town sergeant. The ballots cast at such election were counted by the town council and the respondent, Durfee, was declared elected by a plurality of one vote, he having received, according to said count, four hundred and fifteen votes while Potter received four hundred and fourteen.

The town council in reaching this result counted for the respondent, Durfee, two ballots upon which the name of George W. Potter was crossed out and the name "Mr. Durfee" written in at the right thereof, and also counted for the relator, George W. Potter, one ballot bearing the name of "George W. Porter".

The respondent, Durfee, having qualified and entered upon the discharge of the duties of the office of town sergeant, this proceeding was instituted at the relation of George W. Potter, the opposing candidate, claiming that the two ballots for "Mr. Durfee" which the town council counted for the respondent, Frederick E. Durfee, should not have been so counted, and that the defendant was therefore illegally in office. The respondent filed his plea denying these allegations and setting up that these ballots were rightfully counted and that the ballot for "George W. Porter", which the town council counted for the relator, George W. Potter, was illegally and wrongfully counted for him.

The town of Tiverton has never accepted the provisions of the secret ballot law. The elections in that town are governed and regulated by statutes which are not involved in the present proceedings. The only questions presented for our consideration are (1) Were the two ballots cast for "Mr. Durfee" rightfully counted for the respondent, Frederick E. Durfee, and (2) Could the ballot for "George W. Porter" be properly counted for George W. Potter?

It is well settled that the intent of the voter is controlling if such intent can reasonably be determined from the ballot which he has cast. Samples of the ballots used at the

election in question are before us. We find the names of the various officers, to be voted for, arranged in column form with each name, or set of names, under words properly designating the office. The portions of the ballots with which we are concerned read, in the one case, "For Town Sergeant, George W. Potter," and in the other, "Town Sergeant, Frederick E. Durfee". Upon two of the ballots the voter erased the name of George W. Potter and at the right of it wrote "Mr. Durfee". We think there is no room for doubt that it was the intent of these voters to cast their ballots for Frederick E. Durfee for town sergeant, he being the only candidate for that office opposed to Potter.

Ballots of a similar character and cast under like conditions have been held valid in various jurisdictions. *Clark* v. *Robinson*, 88 Ill. 498; *Newton* v. *Newell*, 26 Minn. 529; *Talkington* v. *Turner*, 71 Ill. 234; *State* v. *Eagan*, 91 N. W. 984 (Wis.); *Gumm* v. *Hubbard*, 97 Mo. 311; *Kreitz* v. *Behrensmeyer*, 125 Ill. 141; *State* v. *Williams*, 95 Mo. 159.

In view of the conclusions which we have reached in the matter of the two ballots marked "Mr. Durfee", the question of the validity of the ballot marked "George W. Porter" is robbed of its importance as a determining factor in passing upon the right of Frederick E. Durfee to the office of town sergeant inasmuch as its retention among those counted for George W. Potter would not change the result and therefore it cannot usefully be considered.

We think that Frederick E. Durfee is entitled to the benefit of the two ballots marked "Mr. Durfee;" that he was legally elected to the office of town sergeant; and that he is entitled to retain the same and discharge the duties appertaining thereto.

The information is denied and dismissed.

*Burdick & MacLeod, William A. Peckham*, of Newport, for relator.

*Sheffield & Harvey*, for respondent.