(No. 19670.—

MAY McCORMICK, Plaintiff in Error, *vs.* MARY A. MEISENHEIMER, Defendant in Error.

*Opinion filed October 19, 1929—Rehearing denied Dec. 7, 1929.*

H. A. HAYS, HOSEA V. FERRELL, and E. M. SPILLER, (JOHN A. HAY, of counsel,) for plaintiff in error.

ISAAC K. LEVY, and CHARLES E. FEIRICH, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

In the spring of 1924 Henry Meisenheimer, a resident of Jackson county, departed this life possessed of real and personal property. At the June, 1924, term of the county court of Jackson county an instrument in writing purporting to be the last will and testament of Meisenheimer was presented for probate, and on July 21, 1924, at the July, 1924, term of the county court of Jackson county, an order was entered denying probate of such purported last will and testament. No prayer for an appeal appears of record and no order was entered by the court at the July, 1924, term fixing the amount and conditions of an appeal bond for an appeal from such order. On August 4, 1924, at the August, 1924, term of the county court, the following order was entered: "In the matter of the estate of Henry Meisenheimer, deceased. Now on this day court approves appeal bond in the sum of $500." At the September, 1924, term of the county court, plaintiff in error, May McCormick, a daughter of Meisenheimer, expressly limiting her appearance for the purpose of making the motion, moved the court to vacate and expunge from the record the foregoing entry, which motion was sustained by the court and the order was ordered amended to read as follows: "August 25, 1924, appeal bond in the sum of $500 approved as of August 4, 1924." On August 25, 1924, defendant in error, Mary A. Meisenheimer, filed with the clerk of the circuit court of Jackson county an appeal bond in the

sum of $500, which had the following endorsement on the back thereof: "This bond approved this 4th day of August, A. D. 1924.—A. L. Spiller, Judge." This bond was not filed with the clerk of the county court at any time nor was there an appeal fee paid. On June 25, 1925, there was filed with the clerk of the circuit court of Jackson county a transcript of the record of the county court of Jackson county of the proceedings in the matter of the estate of Meisenheimer, certified by the clerk of the county court of Jackson county under date of June 23, 1925. On September 10, 1928, a motion was filed in the circuit court of Jackson county, signed "Mary McCormick," to strike from the files the purported appeal bond filed August 25, 1924, also the transcript of the proceedings filed June 25, 1925, and to dismiss the purported appeal. In this motion she expressly limited her appearance in the circuit court "to challenge and question the jurisdiction of the court as to said cause" and for no other purpose. On October 17, 1928, plaintiff in error filed her motion in the circuit court setting forth that she was the same person who filed her limited appearance and motion to dismiss on September 10, 1928, under the name "Mary McCormick," and, again expressly and specifically limiting her appearance to the purpose of her motion, alleged that by the error of the scrivener in drafting the motion, and by inadvertence in the signature thereto, her motion was filed under the name "Mary McCormick" instead of the name "May McCormick," and asked leave to amend the motion of September 10, 1928, by striking therefrom the word "Mary" wherever it appeared therein and inserting in lieu thereof the word "May." On October 17, 1928, the motion to amend was allowed and the amendment made on a separate piece of paper, as required by the rules of that court. On the same day the motion of plaintiff in error to dismiss the appeal was denied, evidence was heard *ex parte* on behalf of the proponents of the will, and an order was entered admitting the

same to probate. To review this record plaintiff in error has sued out a writ of error from this court.

In this court defendant in error has filed her motion to dismiss the writ of error on the ground that the proceeding to probate a will is a purely statutory proceeding, that by statute a writ of error is not expressly allowed to review such proceeding, and that this court is without jurisdiction in the premises. It is true that the proceedings for the probate of wills are entirely statutory, (*American Trust Co.* v. *Eckhardt,* 331 Ill. 261,) that a writ of error is not a writ of right in a statutory proceeding and will not lie in the absence of a particular statute authorizing it, and that where in a statutory proceeding only one form of review is given all other forms of review are excluded. (*Allerton* v. *Hopkins,* 160 Ill. 448; *Sweeney* v. *Chicago Telephone Co.* 212 id. 475.) In the Wills act no form of review in this court, either by appeal or writ of error, is expressly given.

It is contended by plaintiff in error that this question is settled by *Chandler* v. *Fisher,* 285 Ill. 57, in which case a motion was made to dismiss an appeal from an order of the circuit court dismissing an appeal from an order of the county court denying probate of a will, and in deciding this question it was said: "We are constrained to hold, therefore, that an appeal can be taken or writ of error sued out from the judgment of the circuit court in cases of this kind either to the Appellate or the Supreme Court, as the case may require." The question of a right to a writ of error in a case of this character was not there involved and what is there said with reference to a writ of error is merely *obiter dictum.* While what is said in that case is not authoritative here, we are of the opinion that as no right to either a writ of error or an appeal is given by the Wills act, but that such right, if it exists, must be found in the general laws upon the subject, the reasoning of the court

by which it arrived at the conclusion that the proceedings in the circuit court for the probate of a will could be reviewed in this court upon appeal applies with equal force to a right of review upon writ of error. In *Simpson* v. *Simpson,* 273 Ill. 90, it is said: "The proceeding to probate a will in the probate court is a trial or action at law." It has been assumed by this court, without any discussion, for many years, that a writ of error would lie in cases of this kind. (*Masonic Orphans' Home* v. *Gracy,* 190 Ill. 95; *St. Mary's Home* v. *Dodge,* 257 id. 518, and other cases.) We can perceive of no reason why, if an appeal in a case of this character is allowed under the general provisions of the Practice act, as held, (*Chandler* v. *Fisher, supra,*) a right to review by writ of error is not allowed by the same provisions of that act.

It is contended by plaintiff in error that the circuit court erred in not allowing her motion to dismiss the appeal from the county court. The right of appeal is purely statutory and the statute granting such right must be strictly complied with. (*Rozier* v. *Williams,* 92 Ill. 187; *Hill* v. *City of Chicago,* 218 id. 178; *Schofield* v. *Thomas,* 231 id. 114.) It is apparent from the recitals of the record herein above set forth that defendant in error failed to comply with the provisions of the statute in attempting to appeal from the county court to the circuit court. The circuit court should therefore have dismissed the appeal.

The order of the circuit court admitting the instrument purporting to be the last will and testament of Henry Meisenheimer, deceased, to probate, is therefore reversed and the cause remanded to that court, with directions to enter an order dismissing the appeal of defendant in error.

*Reversed and remanded, with directions.*