HART BROS. *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Opinion filed June 21, 1900—Rehearing denied October 4, 1900.*

1. APPEALS AND ERRORS—*writ of error is not a writ of right in statutory proceeding.* In a statutory proceeding a writ of error is not a writ of right, where the legislature has provided otherwise.

2. SAME—*legislature may limit right to writ of error.* The legislature may restrict, regulate or attach conditions to the exercise of the right to a writ of error, even though the proceeding is according to the course of the common law.

3. CONSTITUTIONAL LAW—*section 96 of Improvement act of 1897 is not unconstitutional.* Section 96 of the Improvement act of 1897, limiting the time for suing out a writ of error to review a confirmation judgment, and requiring the filing of an affidavit that the party to whom notice of confirmation was sent did not receive such notice or otherwise learn of the pendency of the proceedings until less than ten days before the entry of default against his property, is not unconstitutional or unreasonable.

4. PUBLIC IMPROVEMENTS—*section 96 of Improvement act of 1897 construed.* The words "otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than ten days before the entry of default," used in section 96 of Improvement act of 1897, mean "otherwise learn" by some one of the methods provided by statute for giving notice of application for confirmation.

MAGRUDER, J., and BOGGS, C. J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES G. NEELEY, Judge, presiding.

GEORGE W. WILBUR, for plaintiffs in error.

FRANCIS A. RIDDLE, H. S. MECARTNEY, and ENOCH J. PRICE, for defendants in error:

In special assessment proceedings the writ of error is not a writ of right, and can be prosecuted only on compliance with the statute giving it. *Haines* v. *People,* 97 Ill. 161.

A writ of error will not lie except where provided by statute, and in the way provided by statute, in purely

statutory proceedings, except where the legislature has failed to provide a method of review by appeal.   *Haines* v. *People,* 97 Ill. 161; *Kingsbury* v. *Sperry,* 119 id. 279.

A writ of error is never a writ of right in the sense that a legislature cannot restrict, regulate and attach conditions to its exercise, although these may often defeat the remedy in an individual case.   7 Ency. of Pl. & Pr. 827.

The general principle is undoubtedly correct, that a final judgment of an inferior court of record is subject to review by this court on a writ of error, *except in cases where the legislature has otherwise provided.*

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiffs in error have sued out this writ to reverse a judgment of the circuit court of Cook county, entered August 25, 1898, confirming a special assessment levied for the purpose of paying for an improvement on Homan avenue, from Lake street to Madison street in the city of Chicago.   Plaintiffs in error did not appear when the application was made for a judgment confirming the assessment, and were defaulted.   The proceeding for the special assessment was begun on June 6, 1898, and was under the act of the legislature in force July 7, 1897, entitled "An act concerning local improvements."

The defendants in error have entered their motion to dismiss the writ of error, on the ground that plaintiffs in error failed to file with the clerk of this court, with their application for the writ, their affidavits, or those of their agent, as required by section 96 of the said act of 1897. That motion, having been reserved to the final hearing of the cause, presents the first question for our decision. It is conceded on the part of plaintiffs in error that no such affidavit was filed, but it is insisted that the statute in that regard is unconstitutional and void.

Section 41 of chapter 24 (Hurd's Stat. 1897, p. 363,) in regard to local improvements by special assessment and

special taxation, provides that the assessment roll shall contain a list of all the lots, blocks, tracts or parcels of land assessed; the amount against each; the names of persons who paid the taxes on each such parcel during the last preceding calendar year in which taxes were paid, as ascertained upon investigation by the officer making the return, or under his direction; the residence of the persons so paying the taxes, if the same can, on diligent inquiry, be found, etc., and then requires notice to be given of the nature of the improvement, of the pendency of the proceeding, of the time and place of filing the petition therefor, of the time and place of filing the assessment roll therein, and of the time and place at which application will be made for confirmation of the assessment, the time to be not less than fifteen days after the mailing of such notices. "Such notices shall be sent by mail postpaid to each of the said persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid, at his residence as shown in the assessment roll, or, if not shown, then to such persons so paying the taxes, directed generally to the city, village or town in which said improvement is proposed to be made."

Section 44 requires the petitioner, in addition to other notices provided for, to cause at least fifteen days' notice to be given prior to the time at which the confirmation of the assessment will be sought, by posting notices in at least four public places in the city or village in the neighborhood of the proposed improvement, and by publishing the same at least five successive days in a daily paper, or if no daily paper is published in said city, village or town and a weekly paper is published therein, then at least once in each week for two successive weeks in some weekly newspaper, as directed by an order of the court entered in the cause, and if there be no such daily or weekly paper, then in some newspaper published in the county, as directed by the court.

Section 45 provides for a continuance in case fifteen days shall not have elapsed between the first publication or the putting up of such notices and the day fixed in said notices for filing objections.

Section 46 is as follows: "Any person interested in any real estate to be affected by such assessment, may appear and file objections to such report, by the time mentioned in said notice, or in case of incomplete notice then as specified in the last preceding section, or within such further time as the court may allow, and the court may make such order in regard to the time of filing such objections as may be made in cases at law in regard to filing pleas; but no prior rule need be taken therefor unless directed by the court. As to all lots, blocks, tracts and parcels of land, to the assessment of which objections are not filed within the time aforesaid, or such other time as may be ordered by the court, default may be entered, and the assessment confirmed by the court, notwithstanding objections may be pending and undisposed of as to other property."

By section 95 "appeals from final judgments or orders of any court made in the proceedings provided for by this act, may be taken to the Supreme Court of this State, in the manner provided by law, by any of the owners or parties interested in lands taken, damaged or assessed therein, and the court may allow such an appeal to be taken jointly, and upon a joint bond, or severally, and upon several bonds, as may be specified in the order allowing the same."

Section 96 is as follows: "Writs of error from the Supreme Court of this State may issue upon any such judgment, on the application of owners or parties interested in the property affected thereby, as shown by the record, at any time after the disposition of the last remaining objections to confirmation, if any, and prior to the first day of June following the entry of such judgment: *Provided,* that if the warrant for collection as to any parcel be not

returned delinquent in any year before April first, or certified directly to the general officer authorized by law to obtain judgment thereon by April fifteenth of such year, a writ of error as to such parcel may be sued out at any time before June first in the year in which the same is so returned or certified: *And, provided further,* that in every case there shall be filed with the clerk of the Supreme Court, with the application of such writ, an affidavit by the plaintiff in error, or his agent, setting forth the time when such warrant, as to such property, was returned delinquent, or so certified; and further setting forth that the person to whom such notice of the filing of assessment roll as to such property, as shown by the record, did not receive the same, or otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than ten days before the entry of default against his said property in the court below."

The contention of counsel for plaintiffs in error is, that the provisos of this section deprive them of a constitutional right to a writ of error, and that the provisions are therefore void. If this position could be sustained, it would necessarily follow that the whole of section 96 would be invalid, and the result would be that the act made no provision whatever for the prosecution of writs of error to this court. It is well settled by our previous decisions that where a proceeding is purely statutory, as this is, a writ of error is not a writ of right, where the legislature has seen fit to provide otherwise. In *Hall* v. *Thode,* 75 Ill. 173, which was a proceeding to contest an election, Justice BREESE said: "Plaintiff in error contends that the writ of error is a writ of right, and that the legislature has in no manner inhibited bringing it to review the decision of an inferior court of record. This court has repeatedly held that the writ of error is a writ of right, but it has never held the legislature was powerless to limit its issuance. The general principle is undoubtedly correct, that a final judgment of an inferior

court of record is subject to review by this court on a writ of error, except in cases where the legislature has otherwise provided. The question then is, has the legislature otherwise provided, in cases like this, to procure a review of the judgment of the county court? These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By section 123 of chapter 46, title, 'Elections,' (Rev. Stat. 1874,) it is provided: 'In all cases of contested elections in the circuit courts or county courts, appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the, circuit courts.' Here is a specific remedy provided in a specific case,— not one arising in the usual course of litigation, but exceptional. It is a familiar principle in such cases, where the organic or statute law has given a specific remedy, that remedy must be pursued. In contested elections before a county court, the remedy, and the only one, to correct a supposed error in the judgment is by appeal, and this remedy can alone be invoked. Had not this remedy by appeal been specially provided there could be no doubt a writ of error would lie. In our opinion this special provision has taken away, by a reasonable implication, the remedy by error. There is nothing shown in this case preventing the aggrieved party from taking an appeal,"—citing authorities, and concluding with the language: "This proceeding not being according to the course of the common law, but statutory, merely, must be governed by the law prescribed for such proceedings. We are clear, on reason and authority, that a writ of error does not lie in this case, and accordingly the writ is dismissed."

Upon a full review of authorities the right to a writ of error was defined in *Haines* v. *People*, 97 Ill. 161, where we said (p. 176): "From this review of the authorities it

is clear that a writ of error lies in this State from either this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations in all cases involving property rights or personal liberty, *where no appeal is given from such inferior court of record to some intermediate court or to this court;* and furthermore, that this right exists independently of any statutory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law, and in the latter class of cases the writ lies to the circuit courts, whether an appeal is given or not. Where an appeal is given it is to be regarded as merely cumulative. In addition to the authorities already cited, the conclusion here reached is supported by the following cases: *Peak* v. *People,* 76 Ill. 289; *Village of Hyde Park* v. *Dunham,* 85 id. 569."

Again, in *Kingsbury* v. *Sperry,* 119 Ill. 279, where it was sought by writ of error to reverse an order of the county court allowing a guardian to mortgage his ward's real estate, Justice SCHOLFIELD, speaking for the court, said (p. 282): "It is not claimed that the county court, in making the orders questioned, was in the exercise of a jurisdiction according to the course of the common law. On the contrary, it is clear that the jurisdiction exercised was unknown to the common law and was purely statutory. In such cases, where, as here, an appeal is given to the circuit court, a writ of error does not lie from this court,"—citing authorities. The writ of error in that case was also dismissed. In *Allerton* v. *Hopkins,* 160 Ill. 448, we again held: "Where, in a special statutory proceeding, one form of review is specifically given all other forms of review are excluded,"—citing, among other authorities, *Hall* v. *Thode, supra.*

Under these authorities there can be no question that the legislature had the right, in the statutory proceeding to levy a special assessment to pay for a local improve-

ment, to provide for an appeal as the only means by which the proceeding could be reviewed; and if, as contended by counsel for plaintiffs in error, we should hold section 96 illegal and void, the only result, as before stated, would be that no writ of error could be prosecuted from this court. We do not, however, agree with counsel in their contention that said section is unconstitutional. Even where a proceeding is according to the course of the common law and a writ of error is a writ of right, still the legislature has power to restrict, regulate and attach conditions to its exercise. (7 Ency. of Pl. & Pr. 827.) It was evidently the purpose of the legislature in giving the right of appeal and also the right to a writ of error, to guarantee to all parties the right to have the judgment of confirmation reviewed by this court, and at the same time avoid the embarrassment which might arise from unreasonable delay by parties in availing themselves of these rights. By section 46, where objections are filed, there is a trial by the court, and no good reason could be shown why the party complaining of the judgment should not take his remedy by appeal. If, however, no objections are filed and still a party has had ample notice of the time and place when the judgment of confirmation will be asked, there is no reason why he should not also avail himself of the right of appeal; but if he has not had at least ten days' actual notice of that time and place, it is by legislative expression but reasonable that he should have the right to prosecute his writ of error, upon the conditions and with the limitations set forth in the provisos in section 96.

It is said that it is unreasonable to require a party to make an affidavit, as a condition precedent to his right to the writ of error, that he had not in any manner learned of the pendency of the proceeding for the confirming of said assessment until less than ten days before the entry of default against his said property in the court below. We do not think it necessary to place such a construc-

tion upon the language of the statute. As above shown, three modes of giving notice are provided by the statute, and we think the language, "or otherwise learned of the pendency," etc., means learned in some one of the modes prescribed by statute.

The contention of counsel for plaintiff in error that these provisos are unreasonable, is not, in our opinion, tenable. We see no difficulty whatever in parties, who will exercise proper diligence, availing themselves of the right to have judgments of confirmation rendered against their property reviewed, either by appeal or writ of error, under the provisions of this statute.

The writ of error will accordingly be dismissed.

*Writ dismissed.*

Mr. JUSTICE MAGRUDER, dissenting:

The motion to dismiss the writ of error is based upon the ground, that the plaintiffs in error failed to file with the clerk of this court the affidavit required by section 96 of the "Act concerning local improvements," approved June 14, 1897. (Sess. Laws of 1897, p. 134). Section 96 provides, that writs of error from the Supreme Court of the State may issue upon any final judgment of any court entered in the proceedings, provided for by the act, on the application of the owners or parties interested in the property affected thereby, as shown by the record, etc.; but said section 96 contains two provisos. The second proviso is, "that in every case there shall be filed with the clerk of the Supreme Court, with the application of such writ, an affidavit by the plaintiff in error, or his agent, setting forth the time when such warrant, as to such property, was returned delinquent, or so certified; and further setting forth that the person to whom such notice of the filing of assessment roll as to such property, as shown by the record, did not receive the same, or otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than

ten days before the entry of default against his said property in the court below." It will be noticed, that the person referred to in the last clause of the proviso is not properly described by reason of the omission of the words, "was sent;" after the words, "as shown by the record." If the omitted words be supplied, the proviso conditions the right of the plaintiff in error to have the writ of error issued upon the filing of the affidavit therein mentioned. Evidently, the proviso refers back to the requirement in regard to the notice, which is found in section 41 of the act.

Section 41 provides, that "notice shall be given of the nature of the improvement, of the pendency of said proceeding, of the time and place of filing the petition therefor, of the time and place of filing the assessment roll therein, and of the time and place at which application will be made for confirmation of the assessment, the same to be not less than fifteen days after the mailing of such notices. Such notices shall be sent by mail postpaid to each of the said persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid, at his residence as shown in the assessment roll, or, if not shown, then to such person so paying the taxes, directed generally to the city, village or town in which said improvement is proposed to be made. Such notice shall state the amount assessed to the person to whom the same is directed for the improvement proposed, the total amount of the cost of said improvement, and the total amount assessed as benefits upon the public. An affidavit shall be filed before the final hearing showing a compliance with the requirements of this section," etc.

By section 41, notices are required to be sent by mail not less than fifteen days before application is made for confirmation of the assessment; and an affidavit, that said notices have been so sent, must be filed before the final hearing.

The effect of the second proviso to section 96 is, that the plaintiff in error, as a condition precedent to the issuance of a writ of error, must file with the clerk of the Supreme Court an affidavit, setting forth that the person, to whom the notice aforesaid was sent, did not receive the same, or otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than ten days before the entry of default against his property.

It will be observed, in the first place, that the affidavit mentioned in the last clause of the proviso has reference only to judgments by default, although the requirement of the first clause of the proviso is, that the affidavit shall be filed in "every case," that is, in a case where the judgment is rendered after appearance is entered, and objections are filed and overruled, as well as in a case where there is no appearance, and default is taken.   The condition thus imposed, as a preliminary to the issuance of a writ of error, is a very remarkable one.

The affidavit is required to be filed with the clerk of the Supreme Court and with the application for the writ of error.   It must appear from the affidavit, that the person, seeking a review by writ of error of the judgment by default against his property, not only never received the notice which is required to be sent to him by mail, but, also, that he never, in any other way, learned of the pendency of the proceedings for confirmation of the assessment until less than ten days before the entry of default.   Unless he can swear that he never received the notice sent by mail, or in any other way learned of the pendency of the proceedings, he cannot obtain a writ of error for the purpose of reviewing the judgment.   The facts, which the affidavit is thus required to set up, are not facts which appear, or can appear, in the record of the lower court, showing the proceedings therein.

Under section 41, when there is filed in the lower court an affidavit that the notices have been sent by mail

at the required time, and that the other requirements have been complied with, the court below has jurisdiction to render judgment. The affidavit of the sending of the notices is the proof upon which the trial court acts. Proof of the mailing of notices properly addressed is *prima facie* evidence that they were received by the parties to whom they were addressed. (*Bickerdike* v. *Allen*, 157 Ill. 95; *Meyer* v. *Krohn*, 114 id. 574; *Young* v. *Clapp*, 147 id. 176). The court below is authorized, when the affidavit of the mailing of the notices, as required by statute, is filed, to assume that the notices have been received by the property owners. The question, whether they were actually received as a matter of fact, is a question, which, under the statute, cannot arise upon the record in case of a judgment by default. Therefore, the party applying for a writ of error, must swear to a fact which is not in the record sought to be reviewed, but which is a new, independent and outside fact.

It is not sufficient, however, that the party applying for the writ did not receive the notice mailed to him. He must swear, that he never otherwise learned of the pendency of the proceedings. If a property owner, ten days or more before the entry of default against his property, should happen to hear upon the street that assessment proceedings were pending against it, he could not procure a writ of error under this statute, because he could not conscientiously swear that he had not learned of the pendency of the proceedings against his property. It is the plain meaning of the proviso, that, if he had learned of the pendency of the proceedings at the time specified, he should have gone into the trial court, and entered his appearance, and filed his objections to the entry of judgment. It has generally been supposed, that it is the duty of the plaintiff in a lawsuit to have process issued and served upon the defendant. No man is obliged to go into court and enter his appearance, because he has learned that a suit is pending against him. It is time enough for

him to do so, when such process as the law requires, has been served upon him. The second proviso to said section 96 requires the property owner, against whose property judgment by default has been entered, to submit to the loss of the right to a review of the judgment by writ of error, as a penalty for not going into court and entering his appearance when he has learned that proceedings are pending against his property. According to the terms of this proviso, the judgment by default, rendered against the property, may be absolutely void for want of jurisdiction in the court rendering it, and yet, unless the owner can make the affidavit required by the proviso, he will be without power to have the judgment reviewed by writ of error.

It is true that no man has a vested right in a remedy, and that, while the writ of error is, in most cases, a writ of right at common law, yet it may be limited or regulated by statute, unless the constitution prohibits. But the constitution of this State recognizes the right of litigants to take their cases to the Supreme Court by writ of error, because section 8 of article 6 of the constitution says that "appeals and writs of error may be taken to the Supreme Court, held in the grand division in which the cause is decided, or, by consent of the parties, to any other grand division." Section 19 of article 6 of the constitution provides, that "appeals and writs of error shall be allowed from the final determination of county courts, as may be provided by law." The present assessment proceeding was instituted in the circuit court, and the judgment of confirmation here under consideration was rendered by the circuit court.

In *Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 484, we said: "A writ of error is a writ of right by the common law, and lies in all cases, civil and criminal, except capital cases, but can, of course, be regulated by statute. It is admitted that a writ of error can be prosecuted to the circuit court to bring up its proceedings for review in the

Supreme Court. That is expressly provided for by stat-
ute, and without the statute it could be prosecuted as a
writ of right belonging to all persons, unless expressly
inhibited by statute." In *Schlattweiler* v. *County of St. Clair*,
63 Ill. 449, we said: "The right to appeal or to sue out
a writ of error is a constitutional right, and must be al-
lowed when claimed." In *Haines* v. *People*, 97 Ill. 161, we
held that the right tó a writ of error exists independently
of any statutory or constitutional provisions by force of
the common law in all cases, in which the jurisdiction
of the inferior court is exercised according to the course
of the common law; and that, in the latter class of cases,
the writ of error lies to the circuit courts, whether an
appeal is given or not, the appeal, when given, being
regarded as merely cumulative.

But while it may be admitted that the issuance of the
writ may be regulated by statute, as was held in *Peak* v
*People*, 76 Ill. 289, yet it cannot be unreasonably restricted
by statute law. The remedy cannot be entirely swept
away, or rendered utterly ineffective by an unreasonable
legislative enactment. (2 Ency. of Pl. & Pr. p. 15, and
cases referred to in notes; *Branson* v. *Studebaker*, 133 Ind.
152; *People* v. *Richmond.* 16 Col. 281). In *Gage* v. *Stewart*, 127
Ill. 207, we said: "A law which would deprive the party
of all legal remedy, or impose impossible conditions to the
assertion of his right, would necessarily be void." Sec-
tion 2 of article 6 of the constitution provides, that the
Supreme Court of the State "shall have original juris-
diction in cases relating to the revenue, in *mandamus* and
*habeas corpus*, and appellate jurisdiction in all other cases."
When a writ of error is issued by this court, it is issued
in pursuance of the exercise by the court of its appellate
jurisdiction. The writ is issued from a court of appel-
late jurisdiction, directed to the judge of a court of rec-
ord, requiring him to remit to the Appellate Court the
record of the action before him, in which a final judg-
ment has been entered, in order that examination may

be made of certain errors alleged to have been committed, and that the judgment may be corrected, reversed or affirmed, as the case may require.　(7 Ency. of Pl. & Pr. p. 820).　The object of the writ is to bring up for consideration errors committed by the court below.　Appellate jurisdiction is the authority of the superior tribunal to reverse, correct or affirm the decisions of the inferior tribunal where the cases are brought before the superior court pursuant to law.　The record is the source, from which appellate tribunals obtain their knowledge of the facts involved in the controversy between the parties, and of the questions upon which it is their duty to pronounce judgment.　(Elliott on Appellate Procedure, secs. 16, 186, 187).　The record imports absolute verity, and cannot be varied, contradicted or affected by extrinsic evidence; nor can the parties make a record by agreement or by the filing of affidavits.　(Ibid.)　As the writ of error is issued in the exercise of appellate jurisdiction, and as such appellate jurisdiction can only be exercised upon the facts and questions presented by the record, new and outside facts presented by affidavits have no place in an appellate tribunal in connection with a writ of error.

The exercise of original jurisdiction by this court is limited to cases relating to the revenue and to *mandamus* and *habeas corpus*.　The legislature has no power to alter the nature of the jurisdiction and duties of the Supreme Court of the State.　(*People* v. *Richmond, supra*).　It cannot clothe the Supreme Court with original jurisdiction in cases where the power to exercise such original jurisdiction is not conferred by the constitution.　By the proviso now under consideration, an affidavit, requiring outside facts, not found in the record, to be set up therein, must be filed with the clerk of this court.　Who is to determine the sufficiency of the affidavit, and whether its contents and statements are such as are required by the statute? Whether the issuance of the writ is a mere ministerial

act to be performed by the clerk of the court, or whether its issuance is a judicial function to be exercised by the court itself, it is not necessary to inquire. In either case, the proviso requires the consideration of other matters than are presented by the record of the proceedings of the lower court. Therefore, the issuance of the writ under the conditions, prescribed in the proviso in question, is, to a certain extent, the exercise of original, and not of appellate jurisdiction. If a writ of error is issued for the purpose of bringing up for the consideration of this court errors appearing in the record of the lower court, it cannot be said that this court or its clerk can properly consider the question, whether the party, applying for the writ, received the statutory notice, above referred to, by mail or not, or the question, whether said party, in any other way, learned of the pendency of the proceedings for the confirmation of the assessment; because these questions in no way relate to any error appearing in the record of the proceedings of the lower court.

Therefore, the proviso in question not only imposes impossible conditions upon the assertion of the right to a writ of error, but it seeks to impose upon this tribunal duties, properly belonging to a court of original jurisdiction, in a matter where appellate jurisdiction only is invoked. It follows that the second proviso of said section 96 in invalid.

Accordingly, the failure of the plaintiffs in error to file the affidavit, required by the proviso, constitutes no sufficient ground for dismissing the writ of error; and, therefore, the motion to dismiss the writ ought to be overruled.

Mr. CHIEF JUSTICE BOGGS does not concur.