CHARLES H. THOMAS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 26, 1903.*

1. SPECIAL ASSESSMENTS—*power of condemnation jury under section 23 of Improvement act of 1897.* A jury, under section 23 of the Improvement act of 1897, in a proceeding to open a street by condemning land and paying therefor by special assessment, has power, only, to determine the questions of compensation and benefits.

2. SAME—*what cannot be decided by jury in a proceeding to condemn land under Improvement act.* In the proceeding provided for in the Improvement act of 1897 to condemn land for opening or extending streets and to assess the cost to the property benefited, the jury has no power to determine that such land is a highway by prescription which already belongs to the city.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

SHERMAN C. SPITZER, and ENOCH J. PRICE, for appellants:

It was error for the court to permit the jury to try any questions except the two provided by statute, viz.,

the just compensation to be awarded for the land to be taken or damaged, and also whether any lot for which objections have been filed has been assessed more than it will be benefited. Hurd's Stat. chap. 24, par. 529; *Gage* v. *Chicago,* 146 Ill. 499; *Goodwillie* v. *Lake View,* 137 id. 51; *Newman* v. *Chicago,* 153 id. 469.

An attempt to raise the question of dedication on a proceeding to make a special assessment to pay an award in condemnation is a collateral attack on the judgment of condemnation and cannot be entertained. *Newman* v. *Chicago,* 153 Ill. 469; *Gage* v. *Chicago,* 146 id. 499.

EDGAR B. TOLMAN, and WM. M. PINDELL, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 10th day of February, 1902, the city council of the city of Chicago, in pursuance of the recommendation of the board of local improvements of the city, adopted an ordinance, the first section whereof provided that Princeton avenue should be opened from West Forty-sixth street to West Forty-sixth place, in said city, and that certain lots and parts of lots in the said section of the ordinance fully described should be condemned for the purpose of so extending the said avenue on and over the said lots and parts of lots. The third section of the said ordinance provided that the just compensation to be paid to the owners of the lots and parts of lots so to be taken for the purpose of opening the avenue should be paid by special assessments on the property to be benefited by the extension of the avenue. The fourth section directed that a petition be filed in the superior court of Cook county for the purpose of determining the just compensation so to be made for the private property to be taken, and also to determine what property will be benefited by the said improvement, and in what amount. This was a petition filed in the said superior court of Cook county, in pursuance of such ordinance, under the

provisions of sections 13 and 14 of article 9 of the City and Village act, approved June 14, 1897, in force July 1, 1897.   (4 Starr & Cur. Stat. p. 161.)

Commissioners appointed by the court reported that the appellants were the owners of record, respectively, of the lots and parts of lots described in the ordinance over and upon which the avenue was to be opened, and that they had estimated the total just compensation to be paid them for the lots and parts of lots so to be taken and damaged was $6810.   The commissioners also reported that certain other lots and parts of lots described in the report would be benefited by the proposed extension and opening of the avenue, and in their report gave the names of the owners of the lots and parcels of land so to be benefited and the estimate of the commissioners of the amount each of said properties would be benefited by the opening of the avenue.   When the cause came on to be heard, the appellants, as the owners of the lots and parts of lots sought to be condemned, filed objections to the commissioners' report, the substance of such objections being, their estimate of the just compensation was too low.   Certain, if not all, of the owners of the property to be assessed as benefited by the opening of the proposed avenue filed a number of objections to the assessment of benefits against their property, among other objections that (1) the town of Lake, in the year 1871, purchased the lots which it was proposed to condemn, from one Isaac Starr, Jr., and laid out the avenue over said lots, and the same had been used as a public street for over thirty years; and (2) that the said lots had been used as a public highway for more than twenty years. A jury was empaneled under the provisions of section 23 of the City and Village act (4 Starr & Cur. Stat. par. 59, p. 166,) which controls the proceedings in such cases, and provides that a jury shall be empaneled to ascertain the just compensation to be paid to the owners of the lots and parts of lots to be condemned, and also to hear and

determine whether any piece or parcel of property had been assessed more than it would be benefited by the improvement. On the hearing of these issues before the jury, the court, over the objection of the appellants, who were parties to the proceeding as owners of the property to be condemned, permitted proof to be produced in support of the insistence of the objectors that a street or highway existed, by prescription, over the lots and parts of lots which the petition of the city asked should be condemned.

The appellants offered to produce in evidence a decree in chancery entered in the superior court of Cook county at its July term, 1893, on a bill filed by one George E. Cook (through whom the objectors held title) against the city of Chicago, and also offered the bill and the demurrer of the city thereto. The bill alleged that Cook was the owner of the lots here sought to be condemned; that he had never dedicated or opened a street over them or authorized any one else so to do; that the city was claiming the right to use and improve the lots as a street and was threatening to take possession thereof. The decree recited that the demurrer to the bill had been overruled and that the city elected to stand by its demurrer. The decree perpetually enjoined the city from attempting to enter upon said lots for the purpose of opening and extending Princeton avenue until the same should be condemned and just compensation therefor paid. This decree and the record of the proceedings in the case were held not competent to be admitted in evidence.

The jury returned a verdict that the lots and parts of lots sought to be condemned "has been for more than twenty years a public highway and that the same is the property of the city of Chicago." Motions for a new trial and in arrest of judgment were overruled and exceptions taken, and judgment was entered "that the property described in the petition, and the interest of each and all

of the respondents herein named as owners, are subject to the rights of the public to use the same as a public highway, and that therefore the petition for condemnation of said property should be and hereby is dismissed." The owners of the lots and parts of lots sought to be condemned have prosecuted this appeal.

The judgment must be reversed. The proceeding is purely statutory, being under the authority of an act of the General Assembly approved June 14, 1897, in force July 1, 1897, entitled "An act concerning local improvements." The jury was empaneled by virtue of the provisions of section 23 of the act. (4 Starr & Cur. Stat. par. 49, p. 166.) The section provides a jury shall be empaneled "to ascertain the just compensation to be paid to all such owners of property to be taken or damaged; * * * and shall also determine whether or not any lot, piece or parcel of land assessed in said proceeding, for which objections have been filed, has been assessed more than it will be benefited by said improvement." The authority of the jury arises solely out of the statute and is restricted to that conferred by the statute. The jury had power to investigate and determine only as to the issues which the statute authorized them to decide. Substantially the same questions as to the power of a jury under the proper construction of similar statutes were presented in *Goodwillie* v. *City of Lake View*, 137 Ill. 51, *Gage* v. *City of Chicago*, 146 id. 499, and *Newman* v. *City of Chicago*, 153 id. 469, and in each of the cases we held that the only issues proper to be considered and determined by the jury were those specified in the statute authorizing the jury to be empaneled.

The judgment is reversed and the cause will be remanded for such other and further proceedings as to law and justice shall appertain.

*Reversed and remanded.*