WALTER H. STONE *et al. v.* THE CITY OF CHICAGO,

and

WILLIAM E. HATTERMAN *et al. v.* SAME.

*Opinion filed December 20, 1905.*

SPECIAL ASSESSMENTS—*when a writ of error must be dismissed.* A writ of error to review a proceeding levying a supplemental assessment under sections 57 and 58 of the Local Improvement act of 1897 must be dismissed, where the affidavit required by section 96 of the act before such writ shall issue has not been filed, even though the original assessment proceeding was begun before the act of 1897 went into effect but was not then pending in any court.

WRIT OF ERROR to the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

On March 24, 1902, the city of Chicago filed its petition in the county court of Cook county for a supplemental or new assessment, under the law of 1897, for the purpose of collecting the unpaid balance of the cost of improving Hamlin avenue from Chicago avenue to North avenue.

This is the fourth time this proceeding has been before this court. On the first occasion a writ of error was sued out to reverse the original judgment of confirmation upon the ground that the ordinance was insufficient. Under that proceeding the judgment of confirmation was set aside and the cause remanded. (*Lingle* v. *City of Chicago,* 178 Ill. 628.) The cause was re-docketed, and on May 9, 1900, objections were filed and the case was submitted to the court. Upon hearing the evidence offered the court sustained the

objections and dismissed the petition. In 1901 the petitioner sued out a writ of error, and this court sustained the judgment of the county court in dismissing the petition. (*City of Chicago* v. *Sherman,* 192 Ill. 576.) The petitioner, on March 24, 1902, filed a supplemental petition based on a new or supplemental ordinance passed by the city council on February 17, 1902. A trial was had under the new petition, and objections were again sustained by the county court and the petition dismissed. This order of the county court was set aside by this court and the cause remanded for further proceedings. (*City of Chicago* v. *Sherman,* 212 Ill. 498.) The cause was re-docketed, and on a trial the objections were overruled and judgment of confirmation was entered. This court is now asked to review the latter judgment.

GEORGE W. WILBUR, and IRA J. GEER, for plaintiffs in error.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (JAMES H. LEWIS, Corporation Counsel, of counsel,) for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A motion has been made by defendant in error to dismiss the writ of error for failure to file the affidavit required by section 96 of the act of 1897.

The original petition for the first assessment was filed under the Special Assessment law of 1872. Under section 46 of article 9 of that act a party aggrieved had the right to a writ of error without the statutory notice required by the act of 1897, but on July 1, 1897, a new special assessment law went into effect, taking the place of the act of 1872. Section 96 of the new act provided that in every case there shall be filed with the clerk of the Supreme Court, with the application for a writ of error, an affidavit by the plaintiff

in error, or his agent, setting forth the time when said warrant as to such property was returned delinquent or so certified; and further setting forth that the person to whom such notice of the filing of the assessment roll as to such property was given, as shown by the record, did not receive the same or otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than ten days before the entering of default against the said property in the court below. (Hurd's Stat. 1903, chap. 24, sec. 96, p. 414.)

Section 99 of the act of 1897 provides that the laws subsisting at the time of the taking effect of the Local Improvement act of June 14, 1897, shall continue to apply to all proceedings for the confirmation of special assessments for local improvements which were pending in any court of the State at the time of the taking effect of the Local Improvement act of June 14, 1897, and to all proceedings for the collection of any deficiency under past levies already made under any laws existing at the time of the taking effect of the Local Improvement act of June 14, 1897; also to all proceedings for new assessments made in lieu of others annulled by order of some court before the act concerning local improvements of June 14, 1897, took effect; also when any installment of an assessment confirmed under prior acts shall mature, proceedings to return the same delinquent and to collect the same shall conform to the provisions of this act; and also where proceedings for local improvements to be made by special assessment shall have been instituted when this act shall take effect and the assessment provided for therein has not been confirmed by any court, any future proceedings thereunder shall be as herein provided, with the same effect as if such proceedings had been commenced in accordance with the provisions herein provided. (Hurd's Stat. 1903, chap. 24, sec. 99, p. 415.)

It is admitted that on July 1, 1897, the special assessment proceedings in question were not pending in any court, and

therefore did not come within any of the exceptions provided in section 99. It is also admitted that the affidavit provided in section 96 was not filed, but this omission is sought to be excused upon the ground that the original proceedings were commenced under the act of 1872, while the supplemental or new proceedings were commenced under sections 57 and 58 of the act of 1897 and the amendments thereto, and that plaintiffs in error had all of the rights to a writ of error which they would be entitled to under the law of 1872,

When the new ordinance was passed and the petition for the additional and supplemental assessment filed, it was under the act of 1897. This is admitted by the plaintiffs in error in their briefs and arguments, and it is not contended that the proceedings were not properly brought under the · act of 1897. In the case of *City of Chicago* v. *Sherman,* 212 Ill. 498, no question was raised as to the act under which the proceeding was commenced. If the petition was properly filed under the act of 1897, then the proceeding was governed by all of the sections of that act, including the provisions of section 96. No part of the act of 1872 had any application to the supplemental petition any more than if that act had never existed. Judgment of confirmation was rendered under the provisions of the act of 1897. The court had jurisdiction of the person of plaintiffs in error and of the subject matter of the suit. To set aside that judgment of confirmation the writ of error must be sued out under section 96 of the act of 1897, which required a certain affidavit to be filed with the clerk of the Supreme Court. We have held in the cases of *Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464, and *Lingle* v. *City of Chicago,* 212 id. 512, that the failure to file this affidavit is ground for dismissing the writ of error. We see nothing to take this case out of the operation of that rule.

The writ of error will therefore be dismissed.

　　　　　　　　　　　　　　　　　*Writ dismissed.*