S. B. LINGLE et al.

*v.*

THE CITY OF CHICAGO et al.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

RES JUDICATA—*questions settled by judgment cannot be raised in a collateral proceeding.* A judgment awarding compensation for land taken for opening a street and confirming a special assessment against the property benefited is final and conclusive of all questions which were or could have been raised in that proceeding, and upon hearing of the question as to the proper distribution of the award the parties to the proceeding cannot litigate the question whether the land taken was already a public highway.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

DWIGHT D. ROOT, for appellants.

CHARLES H. MITCHELL, JOHN M. O'CONNOR, and ROBERT REDFIELD, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellee the City of Chicago.

E. J. PRICE, and S. C. SPITZER, for other appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition was filed by the city of Chicago in the superior court of Cook county to condemn land for the opening of Princeton avenue from West Forty-sixth street to West Forty-sixth place, and to levy a special assessment to defray the cost of the improvement under the Local Improvement act of 1897. Objections to the assessment were filed on the ground that the land which the city was attempting to condemn was already a public highway. There was a jury trial, at which the question raised by the objection was submitted to the jury and a verdict was returned that the land was already a public highway, whereupon a judgment was entered dismissing the petition. That judgment was reversed by this court on the ground that the statute did not authorize the submission of the question to the jury. (*Thomas* v. *City of Chicago,* 204 Ill. 611.) Upon a second hearing the legal objection that the land was already a public highway was overruled, and there was a verdict, followed by a judgment, awarding compensation for the land taken and confirming the special assessment against the property benefited by the improvement. The cause was brought to this court by appellants, but their appeal was dismissed on the ground that it had not been perfected in accordance with the order allow-

ing it. (*Lingle* v. *City of Chicago,* 210 Ill. 600.) Appellants then sued out a writ of error to review the judgment, and the writ was dismissed for failure to file the affidavit required by section 96 of the Local Improvement act. (*Lingle* v. *City of Chicago,* 212 Ill. 512.) The judgment of the superior court became final and conclusive as to all objections of appellants and all questions that were or could have been raised in the proceeding. *Harvey* v. *Aurora and Geneva Railway Co.* 186 Ill. 283.

The city having elected to proceed with the improvement, paid into court the amount awarded for compensation, and an order was entered giving the city the right to take possession of the land condemned. Upon a hearing of the question of the proper distribution of the award to the persons entitled thereto, appellants asked leave to file petitions for the purpose of litigating the question whether the land condemned was already a public highway, which had been finally settled by the judgment. Appellant Lingle by his petition alleged that he had some interest in the award by virtue of a contract between himself and J. E. Cooke, but the petition was insufficient to raise any other question than the one which had been finally settled. It alleged that he had made a contract with Cooke, by which Cooke agreed to waive or release to him or to the city of Chicago, for highway purposes, all interest which Cooke had in the land condemned. It did not show the terms of the contract, whether it was verbal or in writing or what land was to be conveyed, and only alleged an agreement to waive or release the interest of Cooke in the land for highway purposes. The petition of appellant Barnett alleged no fact except that the land condemned was already public property, and appellants having been parties to the proceeding were bound by the judgment.

The judgment is affirmed.          *Judgment affirmed.*