THE CITY OF PEKIN, Defendant in Error, *vs.* NICHOLAS WETZEL *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1910.*

1. SPECIAL ASSESSMENTS—*right to appeal or writ of error in a special assessment is purely statutory.* The right to prosecute an appeal or writ of error in a special assessment proceeding is purely statutory, and the property owner is entitled to neither as a matter of right.

2. SAME—*purpose of sections 95 and 96 of Local Improvement act.* Sections 95 and 96 of the Local Improvement act were intended to give every property owner the right to have the special assessment or special tax proceeding reviewed once by appeal or by writ of error under certain conditions, but it was not intended to allow him both methods of review.

3. SAME—*affidavit for writ of error required by section 96 must be filed.* No writ of error to review a special assessment proceeding can be sued out unless the affidavit required by section 96 of the Local Improvement act is filed, and if a property owner, after due notice and a hearing, is allowed an appeal but fails to perfect the appeal he is not entitled to a writ of error.

WRIT OF ERROR to the County Court of Tazewell county; the Hon. W. I. SLEMMONS, Judge, presiding.

ISAAC J. LEVINSON, for plaintiffs in error.

J. P. ST. CERNY, City Attorney, (W. B. COONEY, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error have sued out this writ to reverse a judgment of the county court of Tazewell county entered August 25, 1909, confirming a special tax levied for grading, curbing and paving Fourth street from Elizabeth to Derby street, in the city of Pekin. The original petition was filed in the county court July 10, 1909. Legal objections were thereafter filed by all but two of the plaintiffs in error, and, after a hearing, overruled August 7, 1909. A hearing on objections as to the benefits was set for hearing before a jury for August 20, 1909. The other two plaintiffs in error thereafter asked and obtained leave to file objections as to the benefits. On a hearing before the jury as to the objections of all of the plaintiffs in error a verdict was entered assessing the property of each of the parties to this proceeding. A motion for new trial was overruled and August 25 the final order entered. A joint appeal was prayed and allowed for all the plaintiffs in error, the court fixing twenty days in which to file appeal bond and forty days in which to file a bill of exceptions. Neither the bond nor bill of exceptions was ever filed.

The defendant in error has entered its motion to dismiss the writ of error on the ground that plaintiffs in error have failed to file with the clerk of this court, with their application for the writ, an affidavit of themselves or their agent, as required by section 96 of the Local Improvement act of 1897. That motion was reserved to the final hearing and must be first disposed of.

Section 96 of the Local Improvement act of 1897 states the conditions under which writs of error may issue to re-

view any judgment obtained under that act. The last proviso under that section reads: *"And provided further,* that in every case there shall be filed with the clerk of the Supreme Court, with the application for such writ, an affidavit by the plaintiff in error or his agent setting forth the time when such warrant, as to such property, was returned delinquent or so certified; and further setting forth that the person to whom such notice of the filing of assessment roll, as to such property, as shown by the record, did not receive the same, or otherwise learn of the pendency of the proceedings for the confirmation of said assessment until less than ten days before the entry of default against his said property in the court below." (Laws of 1897, p. 134.)

It is conceded by counsel for plaintiffs in error that no such affidavit as is required by this section was filed, or could truthfully be filed, by any of the plaintiffs in error, as all of them appeared and filed objections and presented their case in the trial court on the question of benefits. It is, however, insisted that the legislature did not intend the last proviso of section 96 to apply to the property owners who had a hearing in the court below, but intended that it should only apply to those persons interested who were not notified of the proceedings or did not learn of their pendency until less than ten days before the entry of default. The proviso reads, "that in *every* case there shall be filed," etc. This court has had occasion to construe this proviso with reference to writs of error in *Hart Bros.* v. *West Chicago Park Comrs.* 186 Ill. 464, *Lingle* v. *City of Chicago,* 212 id. 512, *Stone* v. *City of Chicago,* 218 id. 348, and *City of Greenville* v. *Miller,* 239 id. 323. In each of those cases it was held that the failure to file the affidavit was ground for dismissing the writ of error.

Counsel for plaintiff in error admits that none of the decisions in question limit the proviso to those property owners, only, that were defaulted in the court below, but argues that that is a fair deduction from the decisions, be-

cause all of them were default cases. In this counsel is in error. In the *Lingle case* the objector, Lingle, had several hearings in the trial court, both on the merits and on legal objections. (*Thomas* v. *City of Chicago,* 204 Ill. 611; *Lingle* v. *City of Chicago,* 210 id. 600; *Lingle* v. *City of Chicago,* 221 id. 519.) On the second hearing (210 Ill.) the appeal was dismissed because it had not been perfected in accordance with the order allowing it, and thereafter (212 Ill.) the writ of error was dismissed, on motion, for failure to file the affidavit required by the last proviso of section 96. Section 95 of the said Local Improvement act states how appeals may be taken from final judgments or orders entered in any proceedings thereunder. (Hurd's Stat. 1909, p. 480.) Manifestly, from these decisions this court has understood that by said sections 95 and 96 of the Local Improvement act the legislature intended that every property owner who is assessed under that act, either by special assessment or special taxation, should be notified of the proceedings in the trial court, so that he could appear and object, both on legal grounds and on the merits, to paying the amount assessed against him, and if he was not satisfied with the judgment of the trial court he could, under the law, appeal his case to this court. If, however, for any reason he failed to receive the notice required by said statute to be given to the owners or those interested in the property assessed until less than ten days before the entry of default against him, he could thereafter, under the conditions set out in said section 96, sue out a writ of error and have the assessment proceedings as to him reviewed in this court. It was thus intended to give every person a reasonable opportunity to have his case reviewed once, either by appeal or writ of error, but not by both methods. The right to prosecute an appeal or writ of error in proceedings of this kind is purely statutory. (*People* v. *Cohen,* 219 Ill. 200.) The property owner is not entitled to either as a matter of right. The only way these plaintiffs in er-

ror could have been heard in this court was to have perfected their appeal. The statute did not intend that they should not only have the opportunity of praying an appeal, but of suing out a writ of error, also. By the exercise of proper diligence the judgment of confirmation against their property could have been reviewed in this court by an appeal, but it cannot be by writ of error.

The writ of error will accordingly be dismissed.

*Writ dismissed.* '